## STATE *vs.* FRANK McNAIR.

### Aroostook.    Opinion July 9, 1926.

*The State is not confined in its proof to the date alleged in the indictment, but may offer proof of the commission of the alleged offense on any date within the period of limitation and prior to the indictment.*

*Proof of a different date from that alleged in the indictment, resulting in a surprise to the respondent, may be sufficient ground for a continuance, which must, of course, be raised at trial on motion.*

The instant case is not one where two or more offenses of the same nature were committed at different times, and the state by offering proof of one may be held to have elected that offense as the one described in the indictment, and may not then offer proof of another and distinct offense. The evidence offered by the State in the instant case was all directed to the same offense. It matters not whether it was committed on the date named in the indictment. No motion for continuance on the ground of surprise was made.

On exceptions. The respondent was indicted for a sale of intoxicating liquor and October 28, 1925, was alleged as the date of the sale, tried by a jury and found guilty. Exceptions were taken by the respondent to the admission of certain testimony, and also to a refusal by the presiding Justice to give a requested instruction. Counsel for the respondent contended that the State must prove that the sale took place on the exact date alleged in the indictment and the requested instruction was to that effect. Exceptions overruled. Judgment for the State.

The case is sufficiently stated in the opinion.

*Cyrus F. Small, County Attorney,* for the State.

*J. Frederic Burns and George E. Thompson,* for the respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, JJ.

WILSON, C. J. An indictment charged the respondent with the sale of intoxicating liquor on the twenty-eighth day of October, 1925. The purchaser, one Thompson, testifying for the State, fixed the time of the sale as the day alleged in the indictment, and also testified that

he first met the respondent at about six forty-five p. m. in a restaurant in the town of Houlton known as Campbell's Restaurant; that while in the restaurant he talked with a police officer named Lycette and that later in the same evening after the alleged sale, he had a conversation with the officer concerning the respondent, though he was not permitted to state what the converation was. There was also other testimony presented by the State corroborating the testimony of the witness Thompson as to the date of the sale.

The respondent denied making the sale at all, and presented evidence in support of an *alibi* as to the twenty-eighth day of October. The State in rebuttal offered the evidence of the police officer, Lycette, to the effect that at some time during the latter part of October, without being able to fix the exact day of the month, at about quarter of seven o'clock in the evening, he saw the respondent in Campbell's Restaurant. This evidence was objected to by the respondent on the ground that the day was not definitely fixed, and was admitted subject to exception. The officer, however, was also permitted to testify, subject to exception, that on the same evening in which he saw the respondent, he also talked with the witness, Thompson, in Campbell's Restaurant, and later in the same evening had another conversation with him in which the respondent was referred to.

The respondent also excepted to the refusal of the presiding Justice to instruct the jury that, in order to find the respondent guilty, the jury must find that the liquor was sold by McNair on the twenty-eighth of October. The case is before this court on respondent's exceptions.

It is urged that the evidence of the police officer as to seeing the respondent in Campbell's Restaurant sometime about the last week in October, without definitely fixing the day, should not have been received and the requested instruction should have been given. The objection appears to be based upon the assumption that the respondent's *alibi* was clearly proven, and therefore the evidence of the officer must relate to another date than October twenty-eighth or to another and distinct sale, in view of which counsel contends that the State, having alleged and offered evidence of a sale on October twenty-eighth, had "elected" that date as the day on which the offense was committed, and evidence that the offense was committed on another date could not afterward properly be received.

The authorities cited do not go so far. Counsel has apparently confused the cases where the respondent admits that the State is not confined to the date alleged in the indictment, but claims a surprise by proof of another date as a ground for a continuance, Bish. Crim. Pro. Vol. I., Sec. 400, and cases where more than one offense of the same nature has been committed within the period of limitation and the State having offered proof of either one is held to have elected that offense as the one charged in the indictment, and cannot then offer evidence of the other offense, *State* v. *Green*, 127 La., 831, under the familiar rule that the commission of one offense is not admissible to prove the commission of another, except in certain instances, which it is not necessary to note here.    10 R. C. L., 939, Sec. 107.

Neither of these classes of cases are controlling of the case at bar. No request for a continuance was made at the trial of the case on the ground of surprise; nor was the evidence presented by the State in rebuttal offered to prove, nor did it tend to prove, another offense than the one already testified to by the witness Thompson.    On the contrary it corroborated the witness, Thompson, to the extent that on some evening during the latter part of October the respondent was in Campbell's Restaurant on the same evening that Thompson was there and that later in the same evening Thompson talked with the officer concerning the respondent.    Thompson says it was on that evening the sale was made and fixed the date as the twenty-eighth. At this stage of the case, the testimony of the officer might be regarded as in rebuttal of the respondent's testimony and that of his witnesses that he was not in Houlton on the evening of the twenty-eighth.

It appeared, however, from testimony of the respondent and of his own brother in sur-rebuttal that on the twenty-seventh of October about seven o'clock the respondent was in the vicinity of and in Campbell's Restaurant and his car, sometime about seven-thirty o'clock, was in an alley nearby and the respondent apparently under the influence of liquor, as Thompson says he was on the evening he purchased the liquor of him.

It is not claimed there were two sales by the respondent.    This is not a case, therefore, where the State was requested to elect, or could be held to have elected, between two offenses, to either of which the indictment might apply, by offering evidence of one and thereby excluding evidence of the other, as in the Louisiana case above cited; but a simple case of a single offense to which all the evidence clearly

related. It is immaterial whether it was committed on the twenty-seventh or the twenty-eighth. From the evidence the jury may well have been satisfied that the offense charged was committed; and upon the evidence offered by the respondent might have found it was committed on the twenty-seventh and that the State's witness was in error as to the day of the month on which the sale was made.

The requested instruction, therefore, was properly refused and the instruction given by the presiding Justice in harmony with the law applicable to the evidence in the case.

*Exceptions overruled.*
*Judgment for the State.*