14570

STATE v. CHAPPELL

(193 S. E., 924)

*Messrs. Douglas & Douglas,* for appellant, cite:

*Mr. W. G. Finley, Solicitor for the State,* cites:

November 22, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

On February 16, 1937, the defendant, Chappell, was tried in the Court of General Sessions for Fairfield County upon an indictment charging him with burglary. The jury found him guilty, but recommended him to ·the mercy of the Court, and he was sentenced to imprisonment for a period of five years. This appeal followed.

At the proper stage of the trial, the appellant moved for a directed verdict of not guilty upon the ground that there was no evidence of an entry of the dwelling house, and, as entry is an essential element of the crime of burglary, the State had failed to prove the offense charged. The refusal of the Court to grant the motion is made the basis of an exception.

"Entry is an indispensable element in the crime of burglary as it is understood at common law and generally as defined by statute. It is usually found in conjunction with breaking so that both an entering and breaking are necessary. * * * Literally, entry is the act of going into the place after a breach has been effected, but the word has a broader significance in the law of burglary, for. it is not confined to the intrusion of the whole body, but may consist of the insertion of any part for the purpose of committing a felony. An entry is accomplished by putting through the place broken the hand, the foot, or any instrument with which it is intended to commit a felony." 9 Am. Jur., 249. "The least entry of any part of the body is sufficient, as the entry of the hand or a finger only." 9 C. J., 1020.

There was testimony for the State to the effect that somewhat late at night on November 21, 1936, the defendant went to the dwelling house of the pros-

ecuting witness, one D. D. Huskey; that he walked around the house to the back window which he saw was fastened; that he then went to the front door and tried to open it, but, finding that he could not do so, returned to the back window, the lower sash of which was covered by a wire screen. As to this screen, Huskey testified:

"Q. How was that screen attached to your house? A. It was just tacked—nailed.

"Q. Did it cover— A. No, sir; just the lower sash.

"Q. And it was a stationary screen? A. Yes, sir; nailed there.

"Q. Was that window down? A. Yes, sir.

"Q. The windows of that room were down? A. Yes sir.

"Q. How big a hole was torn in the window screen? A. Up and down this, I would say it was four or five inches out this way.

"Q. Well, how big a hole does that make? A. Well, I don't know; I couldn't say.

"Q. It wasn't big enough for a man to get his hand through? A. Yes, sir."

Huskey also stated that the defendant "pulled the corner of the screen loose and stuck in his hand and raised the window to see if the window would raise"; that the witness then shot his rifle, "but the bullets hung up in it"; and that he then called to his wife to bring the shotgun, "and when she stumbled against the door he broke and run."

We think the Court properly refused to direct a verdict. There was here, as testified, a wire screen nailed to the window over the lower sash. This screen was more than a mere protection against flies and mosquitoes; it was an enclosing part of the dwelling house. The corner of it, according to the evidence, was torn away by the defendant, who inserted his hand through the hole thus made and raised the window sash. This was not only a breaking, but was an entry sufficient in law to constitute burglary, if all the other elements

of the offense were present—about which there is no contention.

In his charge to the jury, the trial Judge told them that "cutting and tearing down a twine netting, nailed to the top and bottom and sides of a window, although left open, is a sufficient breaking and entry. So the forcing and opening an unfastened transom is sufficient." Also, "if a window be lifted, although it may not be broken, that is sufficient entry."

Counsel for the appellant argue that these excerpts from the charge were not correct illustrations of a sufficient entry and were, therefore, prejudicial to the defendant. While we are not in agreement with this contention, even if it should be thought that these illustrations or statements were "confusing," it is clear, when the charge is considered as a whole, as it must be in determining whether the trial Judge committed error as complained of, that the defendant suffered no harm. The late lamented Judge Ramage, who presided at the trial of the case, correctly instructed the jury as to the essential elements of burglary at common law. He told them, among other things, that entry of some part of the body, such as the thrusting of an arm through a broken pane, an arm or a hand through an opening to enlarge it, or inserting a finger or a foot, etc., was an indispensable element of this offense. He also instructed them that, before the defendant could be convicted, the State was required to prove his guilt beyond a reasonable doubt, showing a breaking and an entry as the Court had defined these elements. We have read the entire charge with care, and find that the appellant has no reasonable ground for complaint.

The contention that the Court erred in refusing the defendant's motion for a new trial is disposed of by what we have already said.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.