STATE OF MAINE *vs.* FRANK MORTON.

Oxford. Opinion, November 25, 1946.

*Theodore Gonya,* County Attorney of Oxford County, for· State of Maine.

*George A. Hutchins,*

*Peter M. MacDonald,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FEL-LOWS, JJ. AND MANSER, ACTIVE RETIRED JUSTICE.

FELLOWS, J. This is a complaint and. warrant issued from Rumford Falls Municipal Court for illegal possession of parts of a deer, which deer, it is alleged, had not been registered as

required by the fish and game statutes. In the Municipal Court the respondent was found guilty and took an appeal to the Superior Court. At the March Term 1946 of the Superior Court for Oxford County the case went to trial before a drawn jury, but by agreement it was withdrawn from the jury and submitted to the Law Court on agreed statement of facts. R. S. 1944, Chap. 91, Sec. 14. The questions now before this Court are (1) whether the warrant is bad for duplicity and (2) whether the facts in the agreed statement are sufficient to authorize a jury to find the respondent guilty.

## COMPLAINT

The well established rule of criminal pleading, that prohibits the joinder of two or more substantive offenses in the same count, is important to every respondent. It is necessary that a person who is accused of a crime, should know the specific charge against him in order that his rights be protected. Each count should, therefore, present only a single issue, which, if sustained, subjects the accused to a punishment that is specified. Duplicity, however, is a formal defect, and ordinarily objection should be made by demurrer or motion to quash. *State* v. *Smith,* 61 Me., 386; *State* v. *Palmer,* 35 Me., 9; *State* v. *Derry,* 118 Me., 431, 108 A., 568. This case is on report, and although the record does not show a motion or a demurrer, counsel for the State and counsel for the respondent apparently assume this issue of duplicity has been raised, or is raised by the agreed statement.

The allegations in the complaint are "that Frank Morton of Andover in said County of Oxford at said Andover on the 2nd day of November, A. D. 1945 did have in his possession parts of a deer, which said deer had not been registered in accordance with the provisions of Chapter 33 of the Laws of 1945 of the State of Maine." The respondent is accused of having in his possession parts of an unregistered deer. The deer, as a whole animal, was not registered. He is not accused of having non-

registered parts. Only one offense is charged. R. S. 1944, Chap. 33, as revised in P. L. 1945, Chap. 33, Sec. 88, and known as the "Eighth Biennial Revision of the Inland Fish and Game Laws." A complaint or indictment, otherwise sufficient, is not vitiated because it includes unnecessary words, or does not accurately identify the particular statute. *State* v. *Hatch*, 94 Me., 58, 46 A., 796; *State* v. *Noble*, 15 Me., 476; *State* v. *Dunning*, 83 Me., 178, 22 A., 109. The constitutional requirements are satisfied if the facts are stated with that reasonable degree of fullness, certainty and precision necessary to enable the accused to meet the exact charge against him, and to plead any judgment rendered against him in bar of a subsequent prosecution for the same offense. *State* v. *Doran*, 99 Me., 329, 59 A., 440, 105 Am. St. Rep., 278; *State* v. *Strout*, 132 Me., 134, 167 A., 859; *State* v. *Smith*, 140 Me., 255, 37 A., 2d, 246; *State* v. *Jalbert*, 139 Me., 333, 30 A., 2d, 799. The complaint is good.

## PROOF

Section 88 of the 1945 revision of the Inland Fish and Game Laws states, in the fifth paragraph, that "no person shall have in possession at any time any deer or part thereof, except as herein provided." The remainder of Section 88 provides, among other things, for registration stations to register and tag each deer presented for registration; that all deer killed must be presented at one of these stations by the killer or his agent; and that no person shall keep a deer which he has killed, at his home, or any place of storage, more than 12 hours without registration. Section 82 of the Revision provides for one deer a season.

The State claims that the facts, agreed upon, present such convincing circumstantial evidence that a jury would be authorized to find this respondent guilty of the crime charged in the complaint.

By the plea of not guilty the accused has put in issue every essential averment in the complaint. His plea is not affirmative.

He is not required to prove his innocence. The State, by the facts presented, must establish his guilt beyond reasonable doubt. In a criminal case the State has the burden to show (1) that a crime has been committed and, if there has been a crime, (2) that the respondent committed it. To justify a conviction on circumstantial evidence, the circumstances must point to the respondent's guilt, and be inconsistent with any other rational hypothesis. *State* v. *Merry,* 136 Me., 243, 8 A., 2d, 143. The principal facts in a criminal case must be consistent with each other. They must point to the guilt of the accused, and they must be inconsistent with his innocence. Guesswork is not the moral certainty of guilt that the law requires. Conjecture, surmise, and suspicion do not constitute proof beyond a reasonable doubt.

Here, it is agreed that on November 2, 1945, in a two-family house, parts of a deer were found in both apartments by officers acting under search warrant. The respondent and his family had occupied the apartment upstairs. No one was in the house. The house was locked. How long it had been vacant, if it was vacant, does not appear. Under the sink upstairs were found the heart and liver of a deer. A sack was discovered off the kitchen with deer hair on it. Blood and deer hair were seen in the shed. Across the hall, in a closet, was a rear quarter. The meat was cold. No registration tag was attached to any part. It was further "agreed that none of the witnesses for the State knew when the deer was killed, by whom it was killed, where it was killed, or whether the deer was registered or tagged." The charge is possession of parts of an unregistered deer. The evidence points as strongly to other members of the respondent's family as to the respondent, and it might also point to some person in another family on the first floor. It could point to any hunter who was a friend of either family. There is no proof that the deer was not registered by the killer, beyond the agreed fact that there was no tag or other identification on any part found. There is no proof that any parts were in

respondent's possession, except that parts were in the house he occupied when at home. He was away, and how long he had been away does not appear. The deer might well have been killed outside the jurisdiction and be subject to foreign laws.

The fact that the respondent later registered a deer at Andover, Maine, on November 12, 1945—(and under the statute only one deer may be killed or registered in Maine by any person in any one year) does not tend to prove that the parts here found were parts of a deer that had been killed in Maine, or that the deer had not been registered. No witness knew anything about when, where or by whom the deer was killed, or whether it was registered or not.

The State urges that the rule in this case should be the same as in cases of stolen goods, and that possession of a part of a deer that has no tag on that part is prima facie proof of guilt, and that any one accused must show his innocence. Such is not the law. Moreover, in the case of stolen goods the goods must first be proved to have been stolen. *State* v. *Russo,* 127 Me., 313, 143 A., 99. The circumstances here were as consistent with the innocence of the respondent as with his guilt. See *State* v. *Baron,* 135 Me., 187, 192 A., 701; *State* v. *Wagner,* 141 Me., 403, 44 A., 2d, 821.

It is the opinion of the Court that there was not sufficient evidence produced by the State to warrant a jury in finding the respondent guilty of the offense charged. A jury verdict of guilty could not be sustained under the agreed facts. In accordance with the stipulation, the entry should be

*Case remanded to Superior Court for entry of Judgment for Respondent.*