STATE OF MAINE
*vs.*
GUY R. ALLEN

STATE OF MAINE
*vs.*
FREDERICK M. GRINDLE

Washington.   Opinion, February 14, 1956.

*Harold V. Jewett,* for State.

*Dunbar and Vose,* for defendants.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

CLARKE, J.   These cases originated in the Western Washington Municipal Court and involve two complaints alleging night hunting. The respondents pleaded not guilty, were found guilty, appeal taken. The cases were tried in Superior Court before a jury. The State's case in, the respondents seasonably rested and moved for directed verdicts, motions denied and exceptions taken. Verdicts of guilty were returned by the jury. Exceptions seasonably perfected.

The record discloses that the area was blueberry land, a field, and orchards, which bordered the highway with a black growth background. The respondents in a car were using a so-called trigger light, powered by the car battery, and spotting the general area, including the orchards and blueberry land. Their car speeded up when the officers approached and the officers drove on the left side of the road and forced the respondents' car onto the edge of the blueberry ground. The officers on going to the respondents' car found the windows down. There was a gun of sufficient caliber between the respondents on the front seat with the muzzle to the floor. As the officers came to the car they observed one of the respondents manipulating the breach of this gun. The officers inquired of the respondents if they had any ammunition, the answer was no. The officers estimated the speed of the respondents' car as it approached from thirty to thirty-five miles per hour. The time was between 2:15 and 2:30 in the morning of the fourth of November. The night was wet and the temperature cool. The respondent Grindle was out of the car and stood about in the immediate vicinity. The officers on returning later found cartridges on the ground in close proximity to the place where Grindle had stood. These cartridges fitted the gun found in the car. They also found a clip near where the car had been stopped. The clip filled with cartridges fitted the gun in question. One of the respondents was a former game warden.

There were 5 grounds or causes given by the respondents for the exception taken by each respondent to the refusal of the court to direct a verdict.

Cause No. 1. That the allegations of time of the alleged offense in each complaint was insufficient in law. The complaints allege that on the third day of November 1954 each respondent was night hunting, the specific charge was "Did then and there unlawfully hunt certain wild animals to wit, deer in closed season, between the hours of one-half hour after sunset and one-half hour before sunrise of the following morning." The record is that the respondents were hunting between 2:15 and 2:30 o'clock in the morning of the fourth which was the morning following the third day of November. The essential part of the offense is the time of day. To allege hunting on the third is not the offense, it is obvious that the essential allegation is hunting within certain hours. *State* v. *Harvey,* 126 Me. 509.

Cause No. 2. That the time of the alleged offense as set forth in each complaint and the time offered in evidence as proof thereof was not the same. The allegation states the night of the third but does not stop there, the specific time one-half hour after sunset and one-half hour before sunrise of the following morning. What time of the morning was this? Ans. "This was around 2:15, 2:20." The officer having testified as to what he observed and did. Officer Higgins stated the time between 1:30 and 3:00 in the morning of the fourth. This evidence fits the allegation after sunset of the third and one-half hour before sunrise of the following morning. No material variance between allegation and proof.

Cause No. 3. That there was no evidence of the presence of, or evidence of the likelihood of wild animals or deer, in the vicinity in which the offense is alleged to have occurred. With reference to the area in issue the officer testified, "It is blueberry land four or five hundred yards down to the

back growth." The officer was asked, "Is there an orchard in that area any place?" The Ans. "Yes there are still live trees there now. Had been originally a larger orchard there." In a case of this nature the purpose of the hunter controls, a state of mind compatible with the offense charged. The respondents, one a former game warden, principals in a misdemeanor clearly demonstrated an answer to this exception by spotting the area with a strong light.

Cause No. 4.  That there was no evidence of hunting as alleged in said complaints. There are certain elements necessary to night hunting, it must be night time as distinguished from day time, and within the times set by statute, there must be present and available certain instrumentalities, that is, a light, a gun and ammunition and back of this a purpose to search, find and possess the animal. If mere observation all may be left out except the light. Intent or purpose is evidenced by the acts of the offender.

Cause No. 5.  That all evidence offered of the alleged offense was circumstantial and a conviction in this case could only have been based on suspicion, conjecture or imagination. Considering the facts it cannot be said that there is any other reasonable supposition than that of night hunting. The evidence meets the test laid down by our court in matter of circumstantial evidence, that is if the state relies upon circumstantial evidence to establish the guilt, it is not sufficient that the evidence all points in the same direction, that is, to the guilt of the accused. It must prove each and every circumstance upon which the conviction must rest beyond a reasonable doubt and the evidence must be sufficient to exclude every other reasonable hypothesis except that of the respondents' guilt. If this rule is followed any crime may be proven by circumstantial evidence. *State* v. *Ward,* 119 Me. 494; *State v. Sprague,* 135 Me. 473. In the light of the evidence the hypothesis or supposition that the respondents were merely observing deer was not a reasonable one.

Respondents were tried together by agreement. These cases were misdemeanors. In a case of a misdemeanor all participants are principals.

We presume that the jury was properly instructed regarding circumstantial evidence as there was no exception to the court's charge.

Exceptions to the refusal of the presiding justice to direct a verdict of not guilty will be overruled where the record shows sufficient evidence to prove guilt beyond a reasonable doubt. *State* v. *Gustin, et al.,* 123 Me. 307; *State* v. *Robinson,* 145 Me. 77.

To justify the setting aside of the verdict, it must be shown clearly that the verdict is wrong.

Credibility of witnesses is to be appraised by the jury who hear and observe them as they testify.

There was sufficient credible evidence upon which the jury based a finding of guilty against these respondents.

*Exceptions overruled in both cases.*

*Judgment for the State in each case.*