STATE OF MAINE
*vs.*
ROBERT DOAK

Knox.   Opinion, February 9, 1960.

*Curtis M. Payson, County Attorney,* for plaintiff.

*Christopher F. Roberts,*
*Harold J. Rubin,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   The respondent was charged with the crime of sodomy and convicted by jury verdict. At the close of all

of the evidence, respondent moved for a directed verdict. Exception to an adverse ruling upon this motion raises the only issue here presented.

"The rule governing the direction of verdicts in a criminal case is that when the evidence is so defective or weak that a verdict based upon it cannot be sustained, the trial court, on motion, should direct a verdict for the respondent." *State* v. *Sullivan,* 146 Me. 381, 384; *State* v. *Gustin,* 123 Me. 307.

The female complainant was fifteen years old at the time of the alleged criminal act and sixteen at the time of trial. Her testimony comprises the only evidence in the case. She was subjected to a rigorous and searching cross examination in the course of which her testimony, in our view, raised grave and serious doubts as to her veracity and regard for truth.

No useful purpose will be served by perpetuating in this opinion the sordid details related by the prosecutrix. We are not shocked into disbelief by any naive assumption that human conduct never sinks to the depths of depravity which she has described. Unfortunately we know that all too frequently it can and does. Rather are we impressed and disturbed by the numerous and manifest inconsistencies in her story and by her description of alleged events and behavior so improbable as to pass beyond the limits of credibility.

We have no doubt that interwoven with what is obviously highly imaginative fiction there may well be elements of truth in the narration of the prosecutrix. In our view, however, it is beyond the capacity of any factfinder to separate truth from fiction in this case and to determine with the necessary degree of certainty what, if any, crimes the respondent may have committed during a relationship with this prosecutrix over a period of several years. Evidence

of such doubtful quality, entirely uncorroborated, cannot suffice for conviction.

When one entertains such doubts as to the veracity of a youthful complainant, one instinctively looks for a possible motive which might prompt a false accusation. We have carefully analyzed the evidence with such a thought in mind and are satisfied that a rational explanation for such motivation is disclosed by her testimony.

After a painstaking review of the evidence, containing as it does so much that is obviously and transparently exaggerated, improbable or manifestly untrue, we are satisfied that a verdict upon it could not be sustained. The entry will be

*Exceptions sustained.*