**People of the State of Illinois, Plaintiff-Appellee, v. Paulino E. Roldan, Defendant-Appellant.**

Gen. No. 52,937.

First District, Second Division.

October 1, 1968.

Philip M. Basvic, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Paulino E. Roldan appeals from a judgment of guilty in a bench trial wherein he was charged with burglary and sentenced to serve a term of one to three years in the penitentiary. Clarence Lieder testified for the People by stipulation that he was the owner of the Walldren Storage Warehouse Company located at the northeast corner of Division Street and Claremont Avenue in Chicago with the entrance at 2322 West Division Street. He did not give the defendant or any other person permission to enter the premises on June 13, 1966, between 8:00 p. m. and 9:30

p. m., or to break windows or to enter his establishment. He testified that certain wall plaques shown to him by Chicago Police Officer James P. Loftus came from his establishment. James P. Loftus testified that on June 13, 1966, he had been a police officer for the city for ten years and was then assigned to the Sixth Area Task Force. On that evening he, with his squad, was working along Division Street where a riot was taking place. The squad, consisting of four men in civilian clothes in an unmarked vehicle, took up a position in the parking lot of a food store on the southwest corner of Oakley Avenue and Division Streets at about 8:00 p. m. This was in the riot area. Oakley is one block east of Claremont. Both of these streets run in a northerly and southerly direction while Division Street runs in an easterly and westerly direction. Loftus was the driver of the car. He first observed the defendant when the latter kicked in the windows and door of the Walldren store. The officer identified the defendant. Officer Loftus further testified that he kept the defendant in sight and observed him traveling eastbound on the north side of Division Street, that there was a young woman by the name of Sonia Cruz with him, that at the time the defendant kicked in the windows she was standing three feet away from him, that after the defendant kicked in the windows Sonia Cruz reached into the display windows and removed two wall plaques, that she proceeded eastbound on Division Street two or three feet "to the rear of Paulino E. Roldan," walking up next to the building. At this time the police officers were sixty feet east of the defendant and Cruz and across the street or a total of about 100 feet on a diagonal. Officer Loftus, continuing his testimony, said that as the defendant and Cruz "proceeded eastbound on the north side of Division, when they came to a position opposite to our vehicle we drove the squad across Division up over the curb and in between the two of them, when we came up we forced them to split and we took them into

custody." The witness said that there were no people between him and the defendant or Miss Cruz at the time he watched her take the plaques out of the store window. On cross-examination Officer Loftus estimated that in this riot area there were 400 to 600 people. There were people on the north and south sides of Division Street "and a few of them down Claremont too." On cross-examination the witness testified further that when he first saw defendant he was kicking out the windows at 2322 West Division, that he kicked one out, went over and kicked another one out and went back and kicked out the plate glass door. To the question, "He was alone, is that correct?" he answered, "No, Sonia Cruz was next to him." The people in the crowd were in back of the defendant. The witness said that the defendant kicked in two plate glass display windows and the plate glass door. The store runs from Claremont in an easterly direction for half a block toward Oakley. The defendant first kicked in the window to the east then the one to the west and then the door. At the time the defendant kicked in the window to the east, Sonia Cruz was to the right and rear of him; she was "on the periphery or the edge of the crowd at that point, and he came from there and kicked in that window." The witness said that Sonia Cruz was standing in the crowd cheering and jumping up and down. She did not take the plaques until the defendant kicked in the door. Other people also reached in and took things. The officer further testified the defendant and Cruz "walked east" with Sonia Cruz two or three feet behind the defendant. In answer to the question, "Nobody else walked east?" the witness said, "No, sir." It was stipulated that the defendant was 27 years of age. No witnesses were introduced in behalf of the defendant. Sonia Cruz was indicted with Paulino E. Roldan. The record does not show that there was a severance or why she was not tried with him. In the oral argument the attorney for the

defendant Roldan said that Sonia Cruz failed to appear, forfeited her bond and has not since been located.

■ The defendant maintains that the People failed to prove the corpus delicti of the crime of burglary, the essential elements of which are entering or remaining in a building without authority with intent of committing a felony or theft. He says that there is no evidence connecting defendant with Sonia Cruz, who reached in and took the two plaques. The defendant further asserts that his guilt was not proved beyond all reasonable doubt. Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. People v. Johnson, 28 Ill2d 441, 443, 192 NE 2d 864. The uncontradicted testimony establishes that the defendant unlawfully kicked in the windows. His act was not purposeless as is indicated by the urging of the crowd who immediately after he broke the windows, proceeded to loot the store. The intent to burglarize and commit the theft is evident from the facts and circumstances.

■ The undisputed facts demonstrate entry by the physical act of kicking in the windows. The windows would not have given way had not the defendant's foot penetrated the close of the premises. In People v. Urbana, 18 Ill2d 81, 163 NE2d 511, relied upon by defendant, the perpetrators were engaged in an attempt to enter the building when frightened away. In People v. Stroud, 89 Ill App2d 377, 232 NE2d 464, the court said that the breaking of a window does not necessarily and indispensably imply a design to commit burglary. In People v. Borden, 84 Ill App2d 442, 228 NE2d 248, an attempt to enter a store was unsuccessful. The cases relied upon by the defendant are not applicable to the factual situation presented by the record in the instant case. In People v. Songer, 28 Ill2d 433, 437, 438, 192 NE2d 861, the court held that the breaking of a skylight window and the re-

moval of a wooden grating three feet below, leaving the way clear to climb down into the building alleged to have been broken, are sufficient to constitute an entry into the building within the meaning of the burglary statute. We think that the action of the defendant in kicking in the windows was an unlawful entry into the premises.

It is uncontradicted that defendant kicked in the windows thus enabling Sonia Cruz to steal the plaques. There can be no doubt that defendant's action in kicking in the windows was done to facilitate the entry of the cheering mob behind him, including Sonia Cruz. The evidence shows beyond a reasonable doubt that the defendant committed the crime of burglary and that he aided and abetted in the perpetration of the crime of burglary. Illinois Rev Stats 1967, § 5–2(c), c 38, states that a person is legally accountable for the conduct of another when "(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

Proof of a common purpose need not be supported by words of agreement but can be drawn from the circumstances surrounding the commission of an act by a group; that the criminal acts were not committed pursuant to a preconceived plan is not a defense if the evidence indicates involvement on the part of the accused in the spontaneous acts of the group. People v. Richardson, 32 Ill2d 472, 476, 207 NE2d 478; People v. Rybka, 16 Ill2d 394, 158 NE2d 117; People v. Clark, 30 Ill2d 67, 195 NE2d 157.

At the close of the State's case, the trial court denied a defense motion that defendant be found not guilty on the grounds that the State failed to prove a prima facie case as to his guilt or that defendant was not proved guilty beyond a reasonable doubt. The defendant then rested and again moved that the trial court find him

not guilty for the reason that the State failed to prove his guilt beyond a reasonable doubt. The trial court made the comment, "There is evidence in this record which is not rebutted, . . ." and denied defendant's motion for a finding of not guilty. Contrary to defendant's contention, this comment does not indicate that the trial judge was deviating from the well recognized principle that the burden is on the State to prove the defendant guilty beyond a reasonable doubt.

For these reasons the judgment is affirmed.

Judgment affirmed.

McNAMARA and LYONS, JJ., concur.