STATE of Maine

v.

Bruce MILLER.

Supreme Judicial Court of Maine.

May 9, 1969.

Randall H. Orr, County Atty., Ronald A. Hart, (previous County Attorney) Bath, for appellant.

Duane D. Fitzgerald, and Donald A. Spear, Esq., Bath, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

The Grand Jury for Sagadahoc County returned an indictment charging the defendant, a young man of twenty-three, in two counts, with the offenses of carnal knowledge and indecent liberties, both involving his alleged conduct with a fourteen year old girl on or about April 26, 1967. Trial was had before a jury and the defendant was found guilty on both counts. The defendant had moved unsuccessfully for judgments of acquittal following the completion of the State's case and at the close of the evidence, and following the jury's verdicts he filed a motion for new trial which was denied by the Presiding Justice.

The girl testified, in substance, that defendant, with whom she had had dates a year before, came to her home on or about April 26. She was babysitting for her parents who were away from home during the earlier part of the evening. She described certain conduct on the part of the defendant during her parents' absence which, if properly accepted by the jury, satisfied the requirements of proof of each

of the two alleged offenses. Some six months later she discovered she was pregnant and only then did she tell her parents about the incident. She gave birth to a child on February 9, 1968. The issue really involves the State's proof of the date of the alleged incident and the defendant's proof of alibi. Although the girl, on cross-examination, referred to April 26 as the day she became pregnant it is evident from her testimony that that specific date was chosen as a result of her mother's conclusion, made six months later, that as the mother and father had been away from the home the evening of their wedding anniversary, this was probably the night that the incident took place. She went on to say on cross-examination that it might have happened at "a later date", that "we weren't sure about it", that the date of April 26 was "an estimate" and that it could be inaccurate by "a couple of days or so".

After the State rested, the defendant, although not taking the stand himself, presented two witnesses who testified that defendant did not return to Maine from Florida until May 23—a fact which the County Attorney then conceded. The State then called the girl's mother in rebuttal. Over the defendant's objection she testified that soon after the defendant's return to Bath she and her husband returned home one evening to find defendant in the house with her daughter. Six and one-half months later, after learning that her daughter was pregnant, she and her daughter had sought to fix the date of the incident. The mother thought it had occurred on April 26, her anniversary, and the daughter had thought it was on a later occasion.

Defendant's three points on appeal will be considered in order. The first reads:

"1. The Court erred in permitting testimony of [the prosecutrix' mother] in that the Defendant had moved to sequester any possible witnesses and the state indicated there was only one, creat-ing a situation that was highly prejudicial to the Defendant."

The single claim of error concerning the mother's testimony arises from the colloquy which followed the County Attorney's opening statement to the jury:

"THE COURT: Brother Fitzgerald?

"MR. FITZGERALD: Your Honor. I would like to reserve my opening, but if the state intends to use more than one witness or if that decision has not been made, or there are possible additional witnesses in addition to the one Brother Hart has mentioned, I would like them sequestered.

"THE COURT: Are there any other witnesses?

"MR. HART: Nothing on the direct presentation may it please the Court.

"THE COURT: Nothing on the direct, all right. Have you any stipulations to make at this time?"

Although the Court made no order of sequestration, it is apparent that the parties and the Court proceeded on the assumption that no such order was needed inasmuch as the State intended to produce only one witness, the girl, on direct. This is exactly what the State did.

The record discloses nothing which suggests bad faith on the part of the State. No assurance was given by the County Attorney that the State might not call rebuttal witnesses if it developed during trial that this appeared advisable. The defense and the Court tacitly accepted the County Attorney's representation and it does not appear to have been a deceitful one. The defendant's counsel had chosen not to make an opening statement to the jury disclosing his intention of relying upon the defense of alibi and there is nothing in the record which suggests that at the time of the opening of the case the State was aware that the date alleged in the indictment would assume such importance. Al-

though the State was apparently surprised by the evidence establishing the date of defendant's return from Florida, the girl's mother's testimony given in rebuttal to it, as to the circumstances of their fixing the dates of the incident, was substantially the same as that which the girl had earlier given. We see no prejudice in the fact the mother had heard the defense witnesses testify. There was no error.

The defendant's second and third Points on Appeal allege:

"2. The Court erred in denying the Motion made by the Defendant for a directed verdict of acquittal on the grounds that the evidence could not support a finding by the jury that the alleged act or acts took place on April 26, 1967 as stated in the indictment, or on any other date.

"3. The Court erred in denying the Motion made by the Defendant for a new trial on the grounds that verdict was contrary to the weight of evidence and not sufficient to support a verdict of guilty.'

■ Defendant's motions for judgments of acquittal and for new trial raise essentially the same issues. State v. McKrackern, 141 Me. 194, 197, 41 A.2d 817, 818 (1945); M.R.Crim.P., Rules 29, 33; Glassman, Maine Practice, Sections 29.3, 29.5, 33.1 ff. The issue in each case is the sufficiency of the evidence to sustain a conviction. When the evidence tending to prove guilt is so defective or weak that a verdict based upon it cannot be sustained a verdict of acquittal should be directed. State v. Doak, 156 Me. 8, 157 A.2d 873 (1960). The credence to be given the witnesses and the weight to which their testimony was entitled was for the jury's assessment. State v. Brown, 142 Me. 106, 108, 48 A.2d 242 (1946); State v. Dodge, 124 Me. 243, 246, 127 A. 899, 901 (1925). We examine the record on review to determine whether there was evidence from which the jury could reasonably have found guilt. Glassman, Maine Practice, supra, Section 29.3.

Here the girl's testimony contains none of the serious inconsistencies or inherent improbabilities which have impelled us to set aside other verdicts of guilty based largely upon the testimony of the prosecutrix. State v. Wheeler, 150 Me. 332, 110 A.2d 578 (1954); State v. Robinson, 153 Me. 376, 139 A.2d 596 (1958); State v. Doak, supra. Her testimony was rebutted by the defense only as to the allegation of the date of the claimed offense.

■ The evidence of the defense that the act could not have taken place on April 26, to which the County Attorney agreed, was not fatal to the State's position. Except where time is an essential element of the offense, or is made so by a bill of particulars, the State is not confined to proof that an offense occurred on a precise day alleged but may establish that it took place on another date prior to the indictment and within the Statute of Limitations. State v. Williams, 76 Me. 480 (1884); State v. McNair, 125 Me. 358, 133 A. 912 (1926); State v. Trask, Me., 223 A.2d 823 (1966). This principle is reflected in the use of the phrase "on or about" in the approved forms for complaints and indictments contained in the Appendix of Forms of the Rules of Criminal Procedure. M.R.Crim. P., Rule 58; Glassman, Maine Practice, supra, Section 7.7. The present indictment uses this phraseology.

■ Although the State is not required to prove a specific date it is compelled to prove a specific *act*.

"While the prosecution is not required or compelled to prove that the crime was committed on the date alleged in the indictment, it is required to prove some particular act constituting the crime and to rely upon that for a conviction. If it selects some particular act, and the de-

fendant meets the charge with evidence tending to show that it was impossible for him to have committed such act, the jury ought not to be permitted to find the defendant guilty, because it may believe, from the testimony, that he did, in fact, commit some other criminal act of a similar nature to that charged." State v. Coss, 53 Or. 462, 101 P. 193, 194 (1909).

Here the State presented no evidence of any alleged illegal conduct by defendant except that which the girl testified took place in her family kitchen the night he visited her there while she was babysitting for her absent parents. That was the act which the State alleged and which it proved to the jury's satisfaction although the State was forced to concede that it could not have occurred on April 26.

The defendant here, apparently for strategic reasons, saw fit not to seek more particularity in the date by use of pre-trial motion. M.R.Crim.P., Rule 7(f); Glassman, Maine Practice, supra, Section 7.14. Similarly the State had not made use of the opportunity to demand the notice of alibi which is offered by M.R.Crim.P., Rule 16(b). If the State had served such a notice upon the defendant, it would have been equivalent to a bill of particulars. State v. Lizotte, Me., 249 A.2d 874 (1969).

■ The absence of both bill of particulars and demand for notice of alibi leaves the State free to offer proof of another time within the statutory period. Glassman, Maine Practice, supra, Section 16.4. Whatever inconsistency developed concerning the date alleged in the indictment, the State's witnesses' attempts to fix the time and the admitted absence of the defendant from the State on April 26 were only matters for the jury to consider in determining the credibility of the girl and her mother and the weight to be given to their testimony.

Appeal denied.