**Joseph SALEME**

v.

**Allan L. ROBBINS, Warden, Maine State Prison.**

Supreme Judicial Court of Maine.

Nov. 12, 1970.

Charles A. Lane, Portland, for plaintiff.

John W. Benoit, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, MARDEN and POMEROY, JJ.

MARDEN, Justice.

On appeal from the denial of post-conviction relief.

The issues arise out of the alleged insufficiency of the indictment in which appellant was charged, and under which he was convicted, for breaking, entering and larceny in the nighttime.

The indictment reads as follows:

"THE GRAND JURY CHARGES: That on or about January 14, 1968, in the night time of said day, in the Town of Millinocket, County of Penobscot, and State of Maine, OWEN WOODS, PAUL KUNTZ and JOSEPH SALEME did break and enter a certain building in which valuable things were then and there being kept, to wit: the building located in the Northern Plaza Shopping Center, so-called, there situate, and did specifically break and enter as aforesaid that part of said building then and there occupied by the State of Maine by its agency and State Liquor Commission and being then and there used as a State Liquor Store, and therein did with intent to permanently deprive Neal McQuarrie of his property, steal, take and carry away Seven Dollars and Eighty-Eight Cents ($7.88) being the property of said Neal McQuarrie and being then and there located in said building in said part thereof occupied by the State of Maine as aforesaid, in the possession of said agency of said State of Maine, to wit: the State Liquor Commission."

Upon the petition for relief and by agreement, the issues being of law, the matter was submitted without hearing to a single Justice, who ruled the indictment sufficient and petitioner appealed upon the following points:

(1) That the indictment is defective because it fails to inform the petitioner of the precise nature of the crime with which he was charged, contrary to due process requirements.

(2) That the indictment is defective "in that it denies the petitioner the plea of former jeopardy," and

(3) That the indictment is defective "because it fails to allege the ownership of the building which was broken into."

■ As to points of appeal (1) and (2):

"The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise." State v. Charette, 159 Me. 124, 127, 188 A.2d 898, 900.

So tested, the indictment is sufficient.

■ As to point of appeal (3) it is conceded that the majority rule at common law in charging burglary,[1] required an allegation of ownership of the building broken and entered, for the purpose of (1) recording that the building violated did not belong to the accused, and (2) so identifying the alleged offense as to protect the accused from double jeopardy. 13 Am.Jur. 2d, Burglary § 37.

The crime is an offense against the security of the building, against possession rather than against the legal title of the possessor. Wharton's Criminal Law and Procedure by Anderson § 406.

Maine followed this rule, but its application as to proof of the ownership alleged has since 1840 been relaxed by what is now 15 M.R.S.A. § 752.[2]

By reason of this statute, proof of the "ownership" within the meaning of the statute was satisfied by proof of actual or constructive possession of the premises violated, or by proof of a general or special property interest in the whole or any part of the same. State v. Small, Me., 267 A.2d 912, 916. See also Bradley v. State, 244 Ind. 630, 195 N.E.2d 347, [3, 4] 348, [5], [6, 7] 349 (1964, occupant); People v. Kreisler, 381 Ill. 453, 45 N.E.2d 653, [1–3] 655 (1943, tenant); State v. Moreno, 64 Ariz. 226, 168 P.2d 237, [2, 3] 239 (1946, occupant), and State v. Bull, 47 Idaho 336, 276 P. 528, 529 (1929, occupant). In instances where title to the property stolen or the premises invaded was not factual, the use of a form of the verb "to own" was one of the numerous fictions known to the law.

With the adoption of our Rules of Criminal Procedure, effective December 1, 1965, an indictment under Rule 7 needs only to be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Maine Practice, Glassman Sec. 7.3. The essential facts here are the violation of the security protected by law (occupancy, possession) of an identified building with subsequent larceny while therein.

Those essentials are here declared.

If *proof* under our statute of actual or constructive possession satisfies an allega-

1. Originally applicable only to the dwelling house of another, but since statutorily extended to other defined buildings.

2. "In an offense in any way relating to real or personal estate it is sufficient and not a variance if it is proved at the trial that, when the offense was committed, the actual or constructive possession of or the general or special property in the whole of such estate or in any part thereof was in the person or community alleged in the indictment to be the owner thereof."

tion of "ownership," *pleading* of occupancy and possession violated by invasion with wrongful intent is adequate. See Fletcher v. Robbins, Me., 234 A.2d 636, [1, 2] 637, and *Small, supra,* [8, 9] at page 916 of 267 A.2d.

Appeal denied.

WEATHERBEE, J., did not sit.