**STATE of Maine**

**v.**

**Douglas R. DALPHONSE.**

**STATE of Maine**

**v.**

**Charles R. EVANS.**

Supreme Judicial Court of Maine.

May 3, 1971.

Ronald E. Ayotte, Sr., County Atty., Alfred, for plaintiff.

Henry Steinfeld, Charles A. Lane, Portland, for Douglas R. Dalphonse.

Bennett B. Fuller, II, Portland, for Charles R. Evans, for defendant.

Before DUFRESNE, C. J., and WEBBER, ·WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On January 6, 1970, each of the Defendants was separately indicted by the York County Grand Jury, the language of both indictments being identical except as to the names of the Defendants. The indictments are as follows:

"THE GRAND JURY CHARGES:

That * * * on the nineteenth day of December, 1969, in the Town of Cornish, County of York, and State of Maine, in the night time of said day, the Cornish Pharmacy, a building in which valuable

---

1. This statement of the law was adopted as correct in the dissenting opinion, the dissent being based on other grounds.

things are kept of one Margaret Morris there situate, feloniously did break and enter and one Margaret Morris being then lawfully therein, to wit, in an apartment located to the rear of said pharmacy and put in fear thereby, with intent the goods, chattels and property of said Margaret Morris in said pharmacy then and there being, then and there in the night time of said day feloniously to steal, take and carry away with the intent to permanently deprive the said owner thereof.

A TRUE BILL.

Dated JAN 6 1970     s/ Patrick J. Zello
                          FOREMAN."

Each of the Defendants filed motions to dismiss, which were denied by the Justice below, the cases were tried together resulting in Guilty verdicts, each Defendant seasonably appealed and each Defendant elected to rest his appeal on this single point: "Whether or not the Court erred in dismissing the Appellant's Motion to Dismiss the Indictment."

The reason for the motions can be seen from the statement of Counsel to the Justice below: "[T]he indictment is defective, in that it alleges that the break and entering was in the Cornish Pharmacy, when the evidence will show * * * that the only break and entering that can be produced by evidence was in the cellar of a building * * * a cellar common to both occupants of the building; namely, the Cornish Pharmacy and an apartment occupied by one Margaret Morris. * * * [A]nd is prejudicial to the position of the Respondents and can possibly put them into a position of possible double jeopardy at a future time."

At trial, the facts, without dispute, established that Margaret Morris was the owner of a two story building, the second floor being vacant, the street floor being used as a drug store and containing an apartment occupied by the owner as her living quarters. The basement, used for storage, extended beneath the entire structure, with one stairway only leading into the drug store. Entry was forcibly made through a cellar window and, on hearing the noise, Mrs. Morris, who was in the building, called the police from her apartment. Entry was attempted into the drug store area through the cellar stairway, but the arrival of the police frightened the intruders away.

The issues raised by the motions emerge from this background as follows:

1.) Do the indictments charge two offenses, namely, a break into a building (the Cornish Pharmacy) and, at the same time, a felonious break into a dwelling (the apartment of Mrs. Morris)?

2.) Should the Defendants subsequently be indicted for a felonious break into the dwelling of Margaret Morris, could they plead former jeopardy because of their convictions under these indictments?

A careful reading of the indictments produces the following sequence of allegations:

1. A building "in which valuable things are kept" in Cornish.

2. Ownership thereof in Margaret Morris.

3. A night time break therein.

4. The presence of Margaret Morris "lawfully therein", namely, in her building in Cornish, and being put in fear thereby, namely, by reason of the unlawful entry.

5. An intent to commit larceny.

It is thus apparent that all the allegations made requisite by 17 M.R.S.A. Sec. 754, are included, and each indictment is a "plain, concise and definite written statement of the essential facts constituting the offense charged." M.R.Crim.P. Rule 7(c). To argue that the included allegation: "[I]n an apartment located to the rear of said pharmacy and put in fear thereby * * *" has the effect of either alleging that the break was in a dwelling house (apartment) within the building or in an apartment

physically outside of, or "to the rear" of, the Morris building, is placing an interpretation on the quoted phrase far beyond its plain and obvious meaning. A fair and reasonable construction of the words used clearly describes a single act of breaking and entering into a single building owned by one person who was lawfully *therein* and put in fear thereby, namely, by the single felonious act.

> "The object of an indictment is (1) to furnish the respondent with a *reasonable* recital of the alleged crime so that he is sufficiently apprised of the charge in order that he may properly prepare his defense; (2) to enable him to ûse a conviction or acquittal for his protection against a further prosecution for the same cause; (3) to give the court sufficient information to determine whether the facts alleged in the indictment would support a conviction should one be obtained." State v. Charette, 159 Me. 124, 188 A.2d 898. See, also, State v. Morton, 142 Me. 254, 49 A.2d 907.

These indictments meet the above recited standards.

As we view the reasons advanced in support of the motions to dismiss, they include the suggestion that the indictments charge, in one count, two criminal acts, i. e., a felonious breaking into the Cornish Pharmacy and, also, into the "apartment occupied by one Margaret Morris". It is well established law that a single count in criminal pleading should present only a single issue which, if sustained, subjects the accused to a specific punishment. State v. Morton, supra. Prior to the adoption of the Maine Rules of Criminal Procedure objection to an indictment for duplicity, it being a formal defect, was properly raised by demurrer. State v. Derry, 118 Me. 431, 108 A. 568. M.R.Crim.P. Rule 12(a) eliminates the use of a demurrer, but allows the same issue to be raised by a motion to dismiss.

We do not agree with the position of the Defendants in this respect. It is clear that these indictments charge a single criminal act committed at one time and place, i. e., one transaction only, and, therefore, cannot be said to be duplicitous. State v. Cushing, 137 Me. 112 at 118, 15 A.2d 740; Bennett v. Arkansas (1940), 201 Ark. 237, 144 S.W.2d 476.

We hold, therefore, that the indictments are not duplicitous and adequately meet all reasonable constitutional standards necessary to protect the Defendants against any subsequent prosecution for the same offense.

The entry will be

Appeal denied.