STATE of Maine

v.

Ronald V. LIBERTY.

Supreme Judicial Court of Maine.

Aug. 20, 1971.

John W. Benoit, Jr., Deputy Atty. Gen., Jon R. Doyle, Asst. Atty. Gen., Augusta, for the State.

George W. Perkins, Skowhegan, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE and POMEROY, JJ.

DUFRESNE, Chief Justice.

The defendant, Ronald V. Liberty, was convicted of the crime of breaking and entering with intent to commit larceny following jury trial at the September term, 1969, of the Superior Court for the County of Somerset. He appeals from a sentence of not less than 1 year nor more than 3 years at the Maine State Prison.

Pursuant to his motion for acquittal and new trial, the defendant raises on appeal the following points of alleged error:

1) The verdict was against the greater weight of the evidence.

2) The verdict was against the law.

3) The Justice erred in not granting the motion of acquittal.

4) The Justice erred in not granting a new trial.

5) The State failed to prove a break and entry or that the crime was in fact committed.

6) The circumstantial evidence failed to point to the guilt of the appellant and be inconsistent with any other reasonable hypothesis.

7) The State failed to prove ownership of the building allegedly broken into.

The defendant's motions for judgment of acquittal and for new trial raise essentially the same issues. State v. Miller,

1969, Me., 253 A.2d 58. The issue in each case is the sufficiency of the evidence to sustain a conviction; this is so, whether the motion for new trial is grounded on the alleged fact that the verdict is either against the law generally or specifically against the greater weight of the evidence.

"When the evidence tending to prove guilt is so defective or weak that a verdict based upon it cannot be sustained a verdict of acquittal should be directed." State v. Miller, supra. See also, State v. Doak, 1960, 156 Me. 8, 157 A.2d 873.

"The single question raised before this Court upon appeal from the denial of a motion for a new trial is whether in view of all the testimony, the jury was warranted in believing beyond a reasonable doubt that the defendant was guilty as charged." State v. Trask, 1966, Me., 223 A.2d 823. See also, State v. Viles, Sr., 1965, 161 Me. 28, 206 A.2d 539.

■ It has long been the rule in this State, except where otherwise provided by statute, that any crime may be proved by circumstantial evidence. State v. Sprague, 1938, 135 Me. 470, 199 A. 705; State v. Merry, 1939, 136 Me. 243, 8 A.2d 143.

■ But, if the State relies on circumstantial evidence alone to establish guilt, each and every circumstance upon which the conviction must rest must of necessity be proved beyond a reasonable doubt. State v. Allen, 1956, 151 Me. 486, 121 A.2d 342. Convictions of crime on circumstantial evidence alone will not stand unless (1) all the necessary and essential elements constituting the crime may be inferred by the jury from facts and circumstances of such a nature as to sustain proof of such ingredients of the crime beyond a reasonable doubt and (2) the evidence as a whole be sufficient to exclude every other reasonable hypothesis except that of the defendant's guilt. State v. Allen, supra.

■ The defendant contends initially that the evidence was insufficient to sustain proof beyond a reasonable doubt that the crime of breaking and entering with intent to commit larceny was perpetrated. By his plea of not guilty, an accused puts in issue every essential component of the crime charged against him. The State has the overall burden of establishing the commission of the crime itself by someone, and, if that burden has been met by proof beyond a reasonable doubt, then must further prove that the defendant was the person who committed the crime. State v. Morton, 1946, 142 Me. 254, 49 A.2d 907. The defendant Liberty claims that the State failed to prove a break and/or an entry into the office building referred to in the indictment. It is true that mere suspicion, however strong, without due proof of the corpus delicti (i. e. that the crime charged was actually committed by someone) will not take the place of evidence and warrant a conviction. State v. Trask, supra. The State's case, however, was not deficient in these particulars.

■ The crime of breaking and entering with intent to commit larceny, 17 M.R.S.A. § 754, is an offense against the security of the building. Saleme v. Robbins, 1970, Me., 270 A.2d 458. To constitute the crime, there must be an actual break or its equivalent. The movement to a material degree of anything that bars the way of entry into the building is a breaking. State v. Mower, 1971, Me., 275 A.2d 584. The physical act of shattering the window by throwing a rock through it may be considered to have been done for the purpose of penetrating the close of the premises and to facilitate a subsequent entry with intent to steal and would constitute a breaking. See, People v. Roldan, 1968, 100 Ill.App.2d 81, 241 N.E.2d 591. The record supports proof of the breaking into the office of the Peter's Gas and Oil Service, Inc. beyond a reasonable doubt even though the evidence be circumstantial only. Both the treasurer and manager

of the corporate occupant of the building testified to the security provisions taken on the Saturday afternoon before the alleged break. They asserted that all windows and doors were locked, and that, when they returned to the establishment sometime after midnight, they observed the "busted screen," the broken window and a large rock on the floor of the office "with glass scattered all over the place." Another witness related the hearing of glass breaking a short time following the defendant's running with two companions toward the rear of the building in question at 11:00 p. m. or thereabouts on that Saturday night.

Proof of entry was similarly sufficient. Entry is an indispensable element to the commission of the crime of breaking and entering with intent to commit larceny under 17 M.R.S.A. § 754. A burglarious entry is accomplished by the intrusion into the building of any part of the body, an arm, a hand, a finger or a foot, or, in some instances, of an instrument, providing the instrument is inserted and utilized as a means of effectuating or attempting to effectuate the theft and not solely as a means of accomplishing the breaking into the building. State v. O'Leary, 1954, 31 N.J.Super. 411, 107 A.2d 13. See also, State v. McCall, 1843, 4 Ala. 643; State v. Crawford, 1899, 8 N.D. 539, 80 N.W. 193; People v. Pettinger, 1928, 94 Cal.App. 297, 271 P. 132; State v. Chappell, 1937, 185 S.C. 111, 193 S.E. 924; State v. Whitaker, 1955, Mo., 275 S.W.2d 316; Turner v. State, 1957, 165 Tex.Cr.R. 106, 303 S.W.2d 386; Commonwealth v. Lewis, 1963, 346 Mass. 373, 191 N.E.2d 753, cert. denied 376 U.S. 933, 84 S.Ct. 704, 11 L.Ed.2d 653.

In the instant case, the circumstance that a large rock was found on the floor of the office is consistent with the use of this rock by the potential burglars only for purposes of breaking into the building. The jury could reasonably conclude that the rock was thrown through the window and that the shattering of the glass could be explained in that way. It is obvious that, under no circumstances, was the rock an instrument utilized as the means of attempting to effectuate a larceny such as a pole or stick inserted through a broken window might be used to snatch a woman's handbag hanging inside while permitting the thief to retrieve the coveted lure without engaging any part of his body into the close of the premises. To infer in this case from the mere presence of the rock on the office floor that the wrongdoer penetrated the building with some part of his body would constitute an exercise in conjecture and surmise inconsistent with the legal concept of proof beyond a reasonable doubt.

The element of entry, however, as in the case of any other element of the corpus delicti, need not necessarily be proved by direct evidence, but may be proved by circumstantial evidence and reasonable inferences to be drawn therefrom. Eyewitnesses who actually saw the defendant break and enter the premises are not required to sustain a burglary prosecution. People v. Hinson, 1969, 269 Cal.App.2d 573, 75 Cal.Rptr. 223; Burkett v. State, 1966, 82 Nev. 383, 418 P.2d 991; People v. Reeves, 1935, 360 Ill. 55, 195 N.E. 443. The same is true respecting proof of the requisite intent to commit larceny which is rarely susceptible of direct proof and must ordinarily be inferred from the facts and circumstances disclosed by the evidence.

The record, independently of the evidence of the presence of the rock on the floor of the office, establishes beyond a reasonable doubt that, besides a breaking into the building, there was also an entry therein of at least the hand of an intruder. Indeed, circumstantial evidence of an actual entry clearly appears from the following testimonial assertions. Both officers of the business establishment testified without contradiction that a file box of metal construction containing a receipt book and "degree day papers or cards", at

the time of the closing of the place on Saturday afternoon and prior to the midnight raid on the building, was sitting in its usual place on the window sill next to the window which was later broken. Following the break, the box was on the floor of the office while its contents, the "degree day papers or cards" and the receipt book were found outside the building at a distance estimated at some 4 feet. From this evidence, no other hypothesis could have been inferred by the jury but that one of the three prowlers, after the glass had been broken with the rock, inserted his hand or arm through the opening, fetched the box with intent to steal its contents, but when the fruits of the larcenous activity proved to be of no monetary value, dropped the contents on the outside and threw back the box on the inside. The defendant's contention that a gust of wind might explain the presence of the receipt book and papers on the outside of the building is unsupported by evidence, reaches into the realm of surmise and suggests unrealistic fantasy. Equally untenable is the argument that the break might have caused the box and contents to be knocked outside in the first place.

 The defendant further claims that, even if the circumstantial evidence in the record may prove beyond a reasonable doubt the commission of the crime of breaking and entering with intent to commit larceny, it is insufficient to warrant a jury in believing beyond a reasonable doubt that the defendant was guilty of the crime. The defendant says that the evidence discloses no more than an opportunity for him to commit the crime. We disagree. The evidence establishes more than mere opportunity. Liberty was overheard saying to his two companions at about 9:30 in the evening "we are breaking in tonight." The credibility of this witness who had known all three individuals for some seven or eight years was in no way shaken by the detailed cross-examination to which she was subjected and the weight of her testimony was solely for

the jury. Another witness, who had testified to hearing the breaking of glass some two minutes after the trio had disappeared to the rear of the building in the area where the office window was broken, further related to the jury the defendant's threat, made a day or so after the break, to watch out as they were out to get him and whoever was with him. This was corroborated by a woman friend who heard the menacing shout. Another witness told the jury that in the early hours of the morning at about 1:30 the defendant Liberty asked him for a ride to his home which happened to be located only 300 feet away. This witness noticed, however, a police cruiser parked at the Mobile gas station on the way over and observed that the defendant's clothes were wet. Liberty explained that someone had broken the window of his bedroom out back and he was looking for the person who had done it. The police officer stated that between 12:50 and 12:55 when investigating this break to the rear of the building in the vicinity of the burglarized office he heard movement in the bushes between the building and the river and, upon his command to come out, could determine that three objects were moving away from him.

The test laid down by our Court in criminal prosecutions where the State relies upon circumstantial evidence to establish guilt is, that each and every circumstance upon which the conviction must rest must be proved beyond a reasonable doubt and the evidence must be sufficient to exclude every other reasonable hypothesis except that of the defendant's guilt. State v. Allen, 1956, 151 Me. 486, 121 A.2d 342. The principal facts in a criminal case must be consistent with each other. They must point to the guilt of the accused and they must be inconsistent with his innocence. State v. Morton, 1946, 142 Me. 254, 49 A.2d 907.

The presiding Justice in his charge gave complete and accurate instructions respecting the rule relating to circumstantial evidence. The jury properly applied the law

to the facts. What appeared to be separate circumstances in time and place could be fitted by the jury, in their overall analysis of the evidence, into a specific pattern of interrelated incidents. They could reasonably conclude that there was actually a break and entry into the office of Peter's Gas and Oil Service, Inc., with intent to commit larceny, and find each element proved beyond a reasonable doubt. They could further determine that all the evidence pointed to the defendant's guilt. Indeed, in the light of the evidence, the jury could very well have been convinced that there was no reasonable hypothesis of innocence possible based upon the facts as they found them to be and that those facts were irreconcilable with any reasonable hypothesis other than guilt. Under such circumstances, it was their duty to convict.

Defendant's last complaint to the effect that the State failed to prove ownership of the building is without merit. See, State v. Small, 1970, Me., 267 A.2d 912; Saleme v. Robbins, 1970, Me., 270 A.2d 458.

The entry will be

Appeal denied.

WERNICK, J., did not sit.