[No. 21137.     Department One.—October 28, 1894.]

THE PEOPLE, RESPONDENT, *v.* JOHN JOHNSON, APPELLANT.

CRIMINAL LAW—TRIAL—IRREGULAR IMPANELING OF JURY—WAIVER OF OBJECTION—An irregularity in the impaneling of a jury upon a criminal trial is waived by failure of the defendant to object thereto, although it would have been sufficient reason for reversal if done against the objection of defendant.

ID.—INSTRUCTION AS TO RULING UPON MOTION TO DISMISS.—An instruction that a motion to dismiss the case for want of proof was denied because there was testimony enough to sustain a conviction, provided the jury believed it, and that it is for them to say what they believe about it, is not a charge as to the effect of the evidence, but is a caution to the jury against concluding from the ruling that the court had determined that the defendant was guilty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*D. J. Toohy,* and *M. S. G. O'Brien,* for Appellant.

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

Temple, C.—The defendant was convicted of the crime of grand larceny, and, his motion for a new trial having been denied, he appeals from the judgment and from the order.

Appellant's first point is that the jury was irregularly impaneled. It seems that when the case was called for trial counsel for the people and for the defense each announced themselves as ready for trial. The judge then said, " call the jurors." The bailiff then proceeded to select from the persons present twelve men, who were regularly returned under order of the court to serve as jurors in that department. The bailiff proceeded to place the twelve men in the jury-box, and the clerk went to the jury-box, and, interrogating each man as to his name, wrote it down on a sheet of paper; then, returning to his place, called the names, and they were sworn to answer as to their qualifications; they were accepted and sworn as jurors.

This mode of impaneling a jury differs materially from that prescribed in the statutes of the state, and if it had been done against the objection of defendant it would have constituted sufficient reason for reversal. But no objection was raised

Appellant contends that the irregularity is one that could not be waived. That the defendant has not had a jury trial unless the jury be impaneled in the mode prescribed.

But we cannot take that view. The jurors were taken from those who had been regularly drawn and summoned, but not in the prescribed order. It is plainly but an irregularity, and was waived by failing to object.

Appellant next objects to an instruction given in the following words: "A motion was made here to dismiss this case because of want of proof. I denied that motion, because there is testimony enough before you to; sustain a conviction, provided you believe it; and it is for you to say what you believe about it." It is said that this is an instruction to the effect that if the jury

believe the evidence they must convict, which is a charge as to the effect of the evidence.

It is evident such is not the meaning of the instruction. The judge was cautioning the jury against concluding from this ruling that he had determined that the defendant was guilty. He says, in effect: "There being testimony which would sustain a conviction if you convict, it was my duty to overrule the motion, but I did not decide that the testimony is true; that is for you."

I think the judgment and order should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

VAN FLEET, J., GAROUTTE, J., HARRISON, J.

Hearing in Bank denied.