[Crim. No. 977. Second Appellate District, Division Two.—September 20, 1923.]

THE PEOPLE, Respondent, v. E. A. McNABB et al., Appellants.

[1] CRIMINAL LAW — ROBBERY—ABSENT WITNESS — TESTIMONY GIVEN ON PRELIMINARY EXAMINATION—ADMISSION OF—DILIGENCE.—In a prosecution for robbery, where two superintendents of an institution, to which an accomplice had been sent after giving testimony on the preliminary examination of defendants, testified as to the disappearance of the accomplice before trial, and the arresting officer testified that he published a bulletin to all officers in the

---

1. Use in criminal case of testimony given on former trial or preliminary examination by witness not available at present trial, notes, 61 Am. St. Rep. 850, 886; Ann. Cas. 1913C, 440, 464; Ann. Cas. 1917A, 658; 15 A. L. R. 495; 21 A. L. R. 662; 25 L. R. A. (N. S.) 868.

state bearing the picture and description of the fugitive, that he visited all of his known haunts and places where rumors indicated he might be found, that he asked hundreds of officers to watch for him, and inquired of the county probation officer as to his whereabouts, and the latter enlisted the services of the sheriff and the police department, with the result that no trace of the fugitive had been found, it cannot be said that more diligence was required or contemplated by section 686 of the Penal Code to justify the admission in evidence of the testimony of said fugitive given on the preliminary examination.

[2] ID.—ABSENCE OF WITNESS FROM STATE—DILIGENCE—EVIDENCE.— In such prosecution, the uncontradicted and unqualified statement of the brother of the fugitive that the latter was in Mexico justified the trial court in concluding that at the time of the trial the absent witness could not with due diligence be found within this state.

[3] ID.—VERDICT—EVIDENCE.—In such prosecution, it cannot be said on appeal, in view of the evidence, that the verdict of guilty was unwarranted or unfounded.

[4] ID. — REQUESTED INSTRUCTION — PROPER REFUSAL OF. — In such prosecution, the refusal of a requested instruction that a certain witness "has plead guilty to participating in this robbery, in the criminal court, and of course the testimony of a person participating in a crime is always to be received with caution. Sometimes when a man gets into trouble himself, he wants to involve others. Such testimony is to be received with suspicion. It must be considered by the jury along with other testimony," was proper where it was an admitted fact in evidence that the witness had pleaded guilty, and the remainder of the instruction consisted merely of argumentative matter and the repetition of other instructions.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lucas F. Smith for Appellants.

U. S. Webb, Attorney-General, for Respondent.

CRAIG, J.—The defendants were jointly charged with robbery of one Robert Mahon in Los Angeles County on or about May 21, 1922, and appeal from the judgment based upon a verdict of guilty rendered the sixteenth day of Janu-

ary, 1923, and from the order denying their motion for new trial.

The principal grounds of appeal consist of alleged insufficiency of evidence to sustain the verdict, improper admission in evidence of an accomplice's testimony taken at the preliminary examination, and failure to corroborate such testimony; the soundness of the first ground turns upon that of the latter two, and accordingly the judgment must stand or fall with them. If there was not sufficient competent evidence of guilt a new trial should be granted.

The evidence for the state opens with the testimony of one Cecil Coons, given upon the preliminary examination, wherein he confessed to complicity with these appellants in the commission of the offense. Thereafter and prior to the trial this witness pleaded guilty and was sent to the industrial school at Chino, California, from which he escaped. His testimony is prefaced by that of two superintendents of the institution as to his disappearance, of a police detective—the arresting officer—that he published a bulletin to all officers in the state bearing the picture and description of the fugitive, visited all of his known haunts and places where rumors indicated he might be found, asked hundreds of Los Angeles officers to watch for him, and inquired of the county probation officer as to his whereabouts, and the latter enlisted the services of the sheriff and the police department. Each having testified that no trace had been found of the witness' whereabouts, the testimony of Coons was read to the jury.

Appellants contend that this did not constitute sufficient showing that the witness could not be found within the state. It is in great measure a question of fact for the trial court to determine. It appears that a double search was instituted for Coons. He was sought both as a witness and as a fugitive from justice. [1] It is seldom that measures such as here adopted are taken merely to procure a witness in any action, and we cannot say that more diligence was required or contemplated by section 686 of the Penal Code. Again, Floyd Coons, a brother of Cecil Coons, testified that the absent witness was in Mexico. Section 686 of the Penal Code provides that the deposition of a witness on the preliminary examination may be read at the trial "upon it being satisfactorily shown to the court that he is dead or

insane, or cannot with due diligence be found within the state.'' **[2]** The uncontradicted and unqualified statement of the brother justified the trial court in concluding that at the time of the trial the witness Cecil Coons could not with due diligence be found within the state of California. (*People* v. *Buckley,* 143 Cal. 375 [77 Pac. 169].) We conclude that this point is without merit.

Coons testified that he went to Pasadena with defendants Cave and McNabb some time about the 29th of May, where they all took part in the hold-up; that by prearrangement he met them at 10th and Figueroa Streets, in Los Angeles, and the three men started out in a Peerless automobile driven by McNabb; that they drove up beside a car in which were two men and a lady, ordered the men out of the machine, and that the witness held a gun on one man while Cave searched the other; that a watch and four dollars were taken by McNabb from the man held up by the witness; that they returned to Los Angeles and were together until about 1 o'clock next morning, when Cave departed, and McNabb and Coons put the car in a garage, to which each had a key. This witness further related his acquaintance and previous meetings with appellants.

The lady and one of the men who were held up testified to the details of the robbery as stated by Coons, and the man positively identified Cave especially from the fact that the latter's mask came off during the hold-up.

The appellants were subsequently arrested in a Peerless automobile in San Francisco, and returned to Los Angeles.

Each of the appellants denied being present at the scene of the offense, or having any knowledge thereof, and denied having known Coons or his family. McNabb did not remember where he was on the night in question, but Cave testified that he was working as clerk at the Ambassador Hotel from 6 to 11 P. M., and was corroborated in this by another clerk of the same hotel. McNabb admitted that he had at one time registered at a hotel under the name of Forrest.

Floyd Coons was called as a witness for the defendants and testified that he saw the stolen watch in possession of his brother Cecil that night, but did not see either of the appellants with him. He admitted having previously pleaded guilty to burglary, and that he had come from the peniten-

tiary to testify herein. He positively denied having known either of the appellants before his arrest, but admitted having testified upon the preliminary hearing that he and his brother were with McNabb on many occasions; having received him at his home, ridden with him, and known him as Forrest; he further testified at the preliminary examination that all three had taken a Peerless automobile and other property from the owners on the night of April 28th, and that they were arrested and prosecuted therefor. But all of this testimony he stamps as false, and swears it was given in order to involve McNabb, in consideration of promises of leniency. As to the latter pretext, however, he admitted having made a written statement that no promise of immunity or hope of reward had ever been held out or mentioned to him.

Mrs. Coons and her daughter, the mother and sister of Floyd and Cecil, testified to many visits of McNabb to their home with the boys, and that Cave had also been there; that they knew them all well.

From positive evidence of the robbery and the many contradictions of facts which the jury doubtless concluded could not have been known at the time of the preliminary examination otherwise than from personal observation, sharp issues arose involving the credibility of witnesses, which only the jury could determine. There is more evidence than mere corroborating circumstances from which the inference of guilt might have been deduced. [3] The jury were fully instructed upon the credibility of witnesses, accomplices, and reasonable doubt, and if they then based their verdict upon other evidence, either without or in conjunction with the testimony of the witness Cecil Coons, we cannot say that it was unwarranted or unfounded.

[4] Appellants requested the following instruction, which the trial court refused: "The court instructs the jury that Cecil Coons has plead guilty to participating in this robbery, in the criminal court, and of course the testimony of a person participating in a crime is always to be received with caution. Sometimes when a man gets into trouble himself, he wants to involve others. Such testimony is to be received with suspicion. It must be considered by the jury along with other testimony." That the witness named had pleaded guilty was an admitted fact in evidence, and the

remainder of the request consisted merely of argumentative matter and the repetition of other instructions. The court was not required to separate the sound principles from others and give a modified requested instruction. (*People* v. *Davis,* 135 Cal. 162 [67 Pac. 59].) Had it done so there was no necessity for repeating in different language instructions already given. (*People* v. *Loomis,* 170 Cal. 347 [149 Pac. 581].)

The judgment and order denying a new trial are therefore affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 20, 1923.