[Crim. No. 917.   Fourth Dist.   Aug. 18, 1952.]

THE PEOPLE, Respondent, v. MICHAEL DEVENY,
Appellant.

Richard M. Anderson for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant, with one Leonard Cruz, was charged in an information with the crime of robbery. It was also charged that Cruz was armed with a deadly weapon and that he had been previously convicted of first degree burglary. Appellant Deveny was charged with three previous felony convictions: Violation of the Dyer and Mann Acts, forgery and escape from state prison. Appellant denied the first prior conviction and admitted the other two. A jury trial resulted in a conviction of both defendants and they were sentenced to the state prison. Deveny appeals from the judgment of conviction and contends that the trial court committed reversible error in not freeing him from bonds and shackles and in not providing him with counsel. It is not contended that the evidence was insufficient to sustain the verdict and judgment.

### STATEMENT OF FACTS

At about 8:30 a. m., June 8, 1951, appellant and Cruz entered the Valentine Furniture Store in San Bernardino. They asked for a portable radio and were being waited upon by Mr. Alton, the manager of the store, when defendant Cruz, who was armed with a gun, advised Alton "This is a stick up. Open the register up." Alton complied and appellant then took between $20 and $30 from the register. Cruz and Deveny then pulled the telephone from the wall and broke the wires and Cruz said to Alton "You stay right there or I will put a forty-five right through you." The defendants then ran out of the store to their parked automobile and drove away. A few minutes later they were arrested by police officers and taken to the store where they were identified as the men who had committed the robbery.

Mrs. Sullivan, a witness called by the prosecution, testified that the day before the robbery she was hitchhiking into Los Angeles when she was picked up by the defendants; that she came to San Bernardino with them, arriving at about 3 a. m. the following morning; that she was in the defendants' car when it was stopped in the front of the furniture store; that she was instructed to lie down in the back seat of the car while the defendants entered the store; that they said they were going to "heist the joint"; that she saw a .45 automatic

in the automobile and that after they left the store Cruz asked Deveny "how much they'd gotten."

The defendants declined to accept the aid of counsel at the trial and no evidence was presented by them or either of them.

█ It is first argued that the trial court committed prejudical error in failing, upon objection, to free appellant from bonds and shackles worn by him during the course of the trial. This argument is without merit. The only evidence in the record relative to bonds or shackles is the opening statement of appellant in which he said "We are supposed to be notorious killers—that's why we've got these boots on . . .," and the remarks of appellant's codefendant made at the time the jury was being empaneled, as follows:

"Mr. Cruz: It's unconstitutional, your Honor. The same goes for these shackles. Better make this court right while you're at it.

"The Court: Are you making an objection so some proceeding, sir?

"Mr. Cruz: Objection? The whole thing's unconstitutional.

"The Court: What are you objecting to?

"Mr. Cruz: For the last six months we've been kept in jail.

"The Court: That's not an objection. Overruled.

"Mr. Cruz: No challenge."

It may be inferred from the foregoing statements that appellant was wearing some sort of unusual boots, the exact nature of which is undisclosed by the record. It does not appear that the appellant objected to wearing the "boots" or that they interfered with the conduct of his defense in any way.

Appellant, in support of his position, cites *People* v. *Harrington*, 42 Cal. 165 [10 Am.Rep. 296]. In that case the reviewing court reversed the judgment of conviction of robbery where the trial court refused *on motion* of the appellants to direct that manacles which were upon their limbs be removed while they were in court on trial. He also cites *State* v. *Kring*, 64 Mo. 591, and *Blair* v. *Commonwealth*, 171 Ky. 319 [188 S.W. 390]. In these cases it also appears that the appellant had objected and asked the court to order the manacles removed. -

In *People* v. *Kimball*, 5 Cal.2d 608, 611 [55 P.2d 483], the court recognized the rule that ordinarily a defendant should not be manacled or unduly restrained when in court. The

court also recognized the rule that such restraint is proper when necessary for the detention of a defendant. Section 688 of the Penal Code provides that a person charged with a public offense cannot be subjected, before conviction, to any more restraint than is necessary for his detention to answer the charge. Since no objection was made by the appellant to wearing the so-called "boots," no evidence was introduced showing their necessity or lack of necessity under the circumstances. In this connection, it may be noted that one of the two prior felony convictions which the appellant admitted was escape from state prison. It is to be presumed that official duty is regularly performed. (Code Civ. Proc., § 1963, sub. 15.) ■ Moreover, since no objection or motion was made by the appellant at the trial, the objection cannot be considered upon appeal. (8 Cal.Jur. 506, § 520; *People* v. *Horowitz*, 70 Cal.App.2d 675, 698 [161 P.2d 833].) ■ In any event, the evidence of the appellant's guilt in the instant case is so clear and convincing that the error complained of has not resulted in a miscarriage of justice. (Cal. Const., art. VI, § 4½.)

■ Appellant next contends that the court erred in failing to provide him with counsel at the trial. The record shows that counsel was appointed for the appellant at the time the information was filed and at the time of his arraignment. This counsel withdrew and on December 21, 1951, the court inquired if the appellant and his codefendant desired the court to appoint a lawyer to represent them. The appellant said "We have had enough lawyers." It thus appears that the appellant, in no uncertain terms, declined the services of an attorney to represent him at the trial. ■ The right to be represented by counsel is a right which may be waived and as was said in *In re Jingles*, 27 Cal.2d 496, 498 [165 P.2d 12]:

"If, therefore, under the facts as determined from the evidence, there was a valid waiver by petitioner of his right to be represented by counsel, it is of no moment that he 'was not represented by, nor did he have the assistance of, counsel.' "

And as was said in *People* v. *O'Neill*, 78 Cal.App.2d 888, 891 [179 P.2d 10]:

"A defendant cannot urge as a ground for reversal that the trial court failed to appoint suitable counsel to represent him where prior to the trial he appeared before the court and

without apparent good reason terminated the services of the public defender who had been acting as his counsel and when the case was called for trial stated that he was ready to proceed.''

Under the circumstances here presented, there was no error in failing to provide the appellant with counsel.

The judgment is affirmed.

Barnard, P. J., concurred.