249 P.2d 316]

[Crim. No. 4731.   Second Dist., Div. One.   Oct. 30, 1952.]

## THE PEOPLE, Respondent, v. ANDREW PERALES ACOSTA, Appellant.

Andrew P. Acosta, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

DRAPEAU, J.—On the evening of May 12, 1952, two adjoining houses in South Pasadena were ransacked by a burglar, one at 175 Monterey Road, the other at 167 Monterey Road.

Mr. and Mrs. Henze, who lived at 175 Monterey Road, were visiting neighbors across the street. Mrs. Henze went home about 9 o'clock to put her baby to bed. When she opened her front door a man who had been inside her house dashed past her and ran away.

Mrs. Henze made an outcry. Her husband heard her and ran out into the street. He saw the man running, chased him, but could not catch him. During his flight the man dropped a suitcase, a clock, and some shirts taken from the Henze residence.

Then a police car came along. Mr. Henze told the officers in the car what had happened. They all searched the vicinity but could not find the man.

During the search a black Ford sedan was observed, parked directly east of the Henze driveway. On the back seat of the Ford was a radio, wrapped up in an overcoat.

A watch was set on the car by officers "staked out" on the porch of a nearby house. About midnight their vigil was rewarded, for defendant approached the Ford, got into the front seat, and tried to start the motor. It was then that he was arrested. Admittedly the Ford belonged to him.

The other house next door to the Henzes belonged to Mr. and Mrs. Hamilton Quick. The Quicks were at the beach that evening. On receipt of police notification they came home and found that their house too had been entered, and that Mr. Quick's overcoat and radio were gone. That overcoat and radio were the ones found on the back seat of defendant's car.

The defendant was charged with two counts of burglary and two prior felony convictions. When arraigned, he admitted the prior convictions and pleaded not guilty to the two counts of burglary. He was tried by a jury, convicted, and sentenced to state's prison, and now prosecutes this appeal from the judgment.

Defendant elected to defend himself without counsel during his trial, and is without counsel on appeal. While it is the right of a defendant so to do, the results generally demonstrate the folly of such an election. In this case defendant has been in the county jail pending determination of his appeal, when he should have been earning time on his sentence, and when he was advised by the public defender on the day judgment was pronounced that his chances of success on appeal were infinitesimal.

In a one-page brief defendant argues that it was error: (a) for the trial judge to select the jury, (b) to deny defendant's motion to dismiss under Penal Code, section 995, and (c) to proceed with the trial without procuring defendant's car to exhibit to the jury, to refute the testimony of one of the witnesses for the People.

■ (a) The proceedings to impanel the jury were not made a part of the record on appeal. Defendant does not state how the trial court erred. This court must therefore presume that official duty was regularly performed. (Code Civ. Proc., § 1963, subd. 15.) ■ And no objection having been made in the trial court, the impanelment of a jury may not be

questioned for the first time on appeal. (8 Cal.Jur. Criminal Law, § 520, p. 506; *People* v. *Johnson,* 104 Cal. 418 [38 P. 91]; *People* v. *Flores,* 15 Cal.App.2d 58 [58 P.2d 1311].)

(b) Referring to defendant's contention relative to his motion under Penal Code, section 995: There is no transcript in the record on appeal of the preliminary examination or of the hearing of defendant's motion. Therefore the same rule must be applied.

(c) Referring to defendant's contention of error in the failure of the trial court to direct the production of his automobile: It has been repossessed by a finance company, and its whereabouts were uncertain. Defendant's request that it be produced, made on the day of the trial, came too late. Moreover, the only purpose to be served by the production of the automobile was to show the condition of its left front fender, to refute the testimony of one of the arresting officers that he did not recall seeing anything out of place on the fender on the night of defendant's arrest. Assuming such evidence could have been produced, it would not, in our opinion, have changed the conclusion of the jury.

In a supplemental brief defendant argues: (d) that the court should have advised the jury to disregard a statement about police officers made by defendant on cross-examination; (e) that he was not represented by counsel; and (f) that the testimony of a witness out of the state was read from the reporter's transcript of the preliminary examination. None of these contentions has any merit whatever. No motion was was made to strike out the testimony; defendant himself requested that he be permitted to conduct his own case; and it was proper to read the testimony of the absent witness. (*People* v. *Deveny,* 112 Cal.App.2d 767 [247 P.2d 128] as to the first two contentions; *People* v. *McNabb,* 63 Cal.App. 732 [219 P. 1031] as to the last contention.)

The facts in this case require that the judgment be affirmed. It was the province of the jury to declare defendant's guilt or innocence. Defendant's testimony that his Ford had been stolen the afternoon of the crime; that later in the evening someone telephoned him where it was; that he reported the theft to the police but did not tell them where he had been told his car was located, lacks the essence of verity, and with the other testimony in the case substantially supports the verdict.

In a prosecution for burglary circumstantial evidence, if substantial, will support the judgment. (*People* v. *Colletta,*

100 Cal.App.2d 1 [222 P.2d 922].) And in a murder case our Supreme Court held that if there is sufficient evidence under any hypothesis to support a judgment, it must stand. (*People* v. *Gutierrez,* 35 Cal.2d 721 [221 P.2d 22].)

From a careful review of the record it is manifest that every courtesy was extended defendant by counsel for the People and by the trial judge, and that, from beginning to end, defendant was given a fair and impartial trial.

No error appearing in the record, the judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1952.