163 Cal.App.3d 25 (1984)
210 Cal. Rptr. 182
THE PEOPLE, Plaintiff and Respondent,
v.
ALONSO OSEGUEDA et al., Defendants and Appellants.
Docket No. 21216.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
November 19, 1984.
*27 COUNSEL
Michael D. Fazio and Harlow J. Ellis for Defendants and Appellants.
Ira Reiner, City Attorney, Jack L. Brown and Greg Wolff, Deputy City Attorneys, for Plaintiff and Respondent.
OPINION
REESE, P.J. 

I. STATEMENT OF THE CASE
On June 1, 1983, a misdemeanor complaint was filed charging defendants Orpaza and Osegueda with two counts of burglary in violation of Penal Code section 459. Jury trial commenced on September 16, 1983, in Division 59 of the Municipal Court, Los Angeles Judicial District, the Honorable Rand Schrader, Judge presiding. On September 22, 1983, both defendants were acquitted of count I (burglary of the premises of Ping's Cafe) and convicted of count II (burglary of the premises of Rees Electronics). From this judgment of conviction, both defendants timely appeal.

*28 II. STATEMENT OF FACTS
The engrossed settled statement on appeal filed herein contains a detailed summarization of the testimony of the witnesses presented by all parties hereto at the trial. For our purposes, we incorporate the following summarized statement of facts, courtesy of the People:
"At about 2:30 a.m. on May 29, 1983, Los Angeles Police Officers Donald Williamson and Alan Danes received a radio call stating that an alarm had gone off at Rees Electronics at 852 South Figueroa.... When they arrived a short time later, the doors to Rees Electronics were closed and there were no pedestrians in the area.... Officer Danes went to the front of the store while Officer Williamson went to the back.... The back door to Ping's Cafe, which is immediately adjacent to Rees Electronics, then opened. Appellant Osegueda stepped out, looked directly at Officer Williamson for one or two seconds, and then ran back into Ping's Cafe. Officer Williamson yelled to his partner, "I have 459's." He could hear voices from within the cafe including someone yelling, "Police! Police! ..." Officer Danes then saw five men leave Ping's Cafe by the front door. He placed all five under arrest including appellants Osegueda and Orpaza....
"Officer Williamson entered Ping's Cafe through the front door which appeared to have been pried open. In a side bathroom he observed that a three-foot by four-foot section of the wall had been removed and a small six by four to five inch hole existed in the inner wall leading into Rees Electronics. One could see into Rees Electronics through the hole.... All five arrestees had plaster dust on their clothes and appellant Orpaza's shoes matched footprints found near the hole in the wall.... The parties stipulated that the doors to Ping's Cafe and Rees Electronics had been shut and locked at the close of business previous to the time that the officers arrived at the location, that the owners had given no one permission to enter said locations, and that the hole in the wall of the bathroom did not exist prior to the break-in....
"Cesar Aguirre testified for the defense and stated that he was one of the five men arrested outside of the cafe along with appellants. Mr. Aguirre testified that he entered a plea of guilty and was in fact guilty of the burglary.... Aguirre testified that the purpose of the hole in the wall was to get next door into Rees Electronics.... He stated, however, that appellants had not been involved in the burglary....
"Appellant Osegueda testified that he and Orpaza were simply walking by the location and were erroneously arrested when the true burglars came out of the cafe...."

*29 III. CONTENTIONS OF THE DEFENDANTS
1. Defendant Orpaza contends there is no substantial evidence in the case at bench to support the implied finding that it was his intent to commit a larceny;
2. Defendant Osegueda argues there has been no showing that an instrument used to gain entry by the defendant was used or was intended to be used in the commission of a crime, within the building and, therefore, there was no substantial evidence to support an implied finding the defendants' acts constituted an entry within the meaning of Penal Code section 459. The People respond there is sufficient evidence of intent and an entry to support defendants' convictions for burglary.

IV. DISCUSSION

A. Sufficiency of Evidence of Intent

(1a) 1. We find defendant Orpaza's argument that there is insufficient evidence of an intent to commit larceny to be without merit.
Burglary is defined by Penal Code section 459 as follows: "Every person who enters any ... store ... with intent to commit grand or petit larceny or any felony is guilty of burglary."
(2) The determination of a defendant's intent is a question for the trier of fact. It is "`[R]arely susceptible of direct proof and must usually be inferred from all of the facts and circumstances disclosed by the evidence.'" (People v. Earl (1973) 29 Cal. App.3d 894, 896 [105 Cal. Rptr. 831].) (1b) In the instant case, defendants were apprehended at 2:30 a.m. in front of the closed business establishments involved, the burglar alarm in one having alerted the police. The defendants were observed by the officers to have plaster dust on their clothing. Instruments were discovered adjacent to a hole which had been driven through the wall from Ping's Cafe into Rees Electronics. A shoe print taken from the interior of Ping's Cafe matched that of defendant Orpaza's shoe. The parties stipulated that Orpaza stated to the police that "I came out of the Pantry Restaurant at 2:00 a.m. I thought this group of guys was robbing the place, so I walked over there, opened the door, but I didn't go in. Then I heard the police. I was told to lie down at gun point." One of the arresting officers testified that he observed defendant Osegueda exit the rear door of Ping's Cafe and hastily retreat into the store when he observed the officer. From the totality of these circumstances the jury could justifiably find a felonious intent to commit theft. (3) "The felonious intent to commit theft may be inferred from the unlawful *30 entry alone. [Citation.] The lateness of the hour and the presence in the area of instruments commonly used by burglars strongly implicates appellants in the crime of burglary with intent to commit theft." (People v. Walters (1967) 249 Cal. App.2d 547, 551 [57 Cal. Rptr. 484].)
(4) We also find defendant Orpaza's contention that intent cannot be inferred as no evidence was received that there was personal property in Rees Electronics to be without merit. People's exhibit 3 depicted a photograph of the exterior front sign of Rees Electronics advertising calculators, dictating machines and telephone answering machines. Such advertisement over the entrance to a store would imply the presence of the articles advertised. At any rate, their actual presence is not necessary for completion of the crime. (5) "`[T]he crime of burglary is complete when an entry with the essential intent is made, regardless whether the felony planned is committed or not....'" (People v. Lamica (1969) 274 Cal. App.2d 640, 644 [79 Cal. Rptr. 491].)

B. Sufficiency of Evidence of Entry

1. Defendant Osegueda submits two grounds as the basis for his contention that insufficient evidence was submitted to substantiate a finding of the required entry under Penal Code section 459. These two grounds are:
a. No evidence was submitted showing that the instrument utilized in creating the hole in the wall adjoining Ping's Cafe and Rees Electronics was an instrument or tool used or to be used in effectuating theft or other criminal activity once inside the premises. Defendant Osegueda reasons that proof of utilization of a tool or instrument solely as a means of accomplishing breaking into a building is insufficient to establish intent under Penal Code section 459.
b. Defendant Osegueda further proffers the position that insufficient evidence of entry was presented in the case at bar as no evidence was presented that the instrument used entered into the air space of Rees Electronics.
2. We reject defendant's contentions upon the following grounds:
a. We do not agree with the proposition that the tool or instrument used to gain entry must also be one used to remove property.
*31 There exists a paucity of authority on this issue. The California Penal Code itself does not contain a legislative definition of the word "entry" as used in connection with burglary. It has long been recognized in California that "a sufficient entry is made to warrant a conviction of burglary when any part of the body of the intruder is inside the premises." (People v. Failla (1966) 64 Cal.2d 560, 569 [51 Cal. Rptr. 103, 414 P.2d 39]; People v. Allison (1927) 200 Cal. 404, 407-408 [253 P. 318]; People v. Massey (1961) 196 Cal. App.2d 230, 236 [16 Cal. Rptr. 402].) Contrastingly, there exists no unanimity of opinion or abundance of decisions in California or out-of-state jurisdictions pertaining to the effect of the use of an instrument for purposes of entry. Courts of other jurisdictions have held that an entry may be accomplished by the intrusion of an instrument, but only if the instrument is inserted and used as a means of effectuating or attempting to effectuate the theft and not solely as a means of accomplishing the breaking into the building. (Walker v. State (1879) 63 Ala. 49; State v. Crawford (1899) 8 N.D. 539 [80 H.W. 193]; State v. Liberty (Me. 1971) 280 A.2d 805; People v. Tragni (1982) 113 Misc.2d 852 [449 N.Y.S.2d 923, 927].) The sole California case directly addressing the issue upheld a conviction for burglary where the only evidence of entry was the insertion of tools which were not being used to remove property. In People v. Walters, supra, 249 Cal. App.2d 547, the facts were analogous to those in the case before us. In Walters, officers responded to a store whose burglar alarm had been triggered about midnight and discovered the defendant on the roof near a vent the cover of which had been removed. A broken grille two or three feet beneath the top of the vent was hanging down into the store. A rope was attached to a sewer pipe and extended down the vent and into the store. A pair of pliers and a screwdriver were found on the grille. In the instant case defendants were interrupted while completing a hole in the wall leading into Rees Electronics. A three- by four-foot section of the wall had been removed from the cafe bathroom and a four- to five- by six-inch hole had been made in the inner wall. In the immediate vicinity were a hole saw, a hacksaw and a crowbar. While these instruments cannot be said to be exclusively adaptable to removing personal property, they can certainly be categorized as appropriate entry tools. "It cannot be doubted that the crime of burglary was under way when the burglar alarm sounded and the officers thereafter intercepted the criminals. (6) The slightest entry is sufficient to constitute the crime of burglary, if it be with felonious intent." (Walters, supra, at pp. 550, 551.) We find Walters to be binding under the doctrine of stare decisis. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal. Rptr. 321, 369 P.2d 937].) We reject the decisions of out-of-state jurisdictions which differentiate between an entry by body and by instrument. We find no plausible reason for holding that an entry by instrument must be for the purpose of removing property. We find no California authority for contrary reasoning. "Any kind of entry, partial or complete, *32 direct or indirect, will satisfy the simple statutory requirement. Thus, the defendant's arm, foot or finger placed in an open door, window or other aperture, or through the glass of a window, is an entry; and the entry may also be made through the agency of an instrument or tool ...." (1 Witkin, Cal. Crimes, § 456, italics added.)
(7) b. Defendant Osegueda's attempt to distinguish People v. Walters, supra, 249 Cal. App.2d 547, from the case at bench is his assertion that the record herein discloses no evidence that an instrument entered the air space of Rees Electronics. We decline to indulge in such sophistic discussion. The jury had before it photographs of the wall hole and the instruments utilized. Sufficient evidence was presented to sustain an implied finding that the air space of Rees Electronics was indeed penetrated. (8) The fact of entry may be established by circumstantial evidence. (People v. Murphy (1959) 173 Cal. App.2d 367, 373 [343 P.2d 273].) (9) On appeal, the standard of review on this issue is as follows: "[A]t this stage the test is not whether the evidence may be reconciled with innocence, but whether there is substantial evidence in the record on appeal to warrant the inference of guilt drawn by the trier below." (People v. Hinson (1969) 269 Cal. App.2d 573, 577 [75 Cal. Rptr. 223].)
The judgment of conviction is affirmed.
Bernstein, J., and Shabo, J., concurred.