Filed 6/13/13  In re Andrew W. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| In re ANDREW W., a Person Coming Under the Juvenile Court Law. | C071711 |
| THE PEOPLE, | (Super. Ct. No. 69202) |
| Plaintiff and Respondent, | |
| v. | |
| ANDREW W., | |
| Defendant and Appellant. | |

Following a contested jurisdictional hearing, the juvenile court sustained a delinquency petition alleging the minor Andrew W. had committed first degree burglary (Pen. Code, § 459).  The juvenile court declared the minor a ward of the court and placed him on probation.

1

On appeal, the minor contends there is insufficient evidence to support the jurisdictional finding, and trial counsel was ineffective for failing to object to the pretrial identification procedure. We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of April 24, 2011, Veronica Lara, her brother, her three children, and her husband, Henry Barajas, left their apartment to attend Easter dinner. The door was locked when they left, but the apartment had a broken window.

Lara and her family left to return home at around 9:30 p.m. that night. As the car approached the apartment building's gate, Lara, the driver, observed three males walking out of the apartment. Barajas, seated in the passenger seat, testified that the males were about 10 feet away from him. The three males were carrying belongings from the apartment underneath their clothes. Lara recognized one of the three males as her brother's friend George, who had visited her apartment that week. She did not know his last name. George was carrying an Xbox, which was sticking out under his jacket, as he walked out the apartment's front door. The minor was carrying Lara's tattoo gun and another minor, Antonio J., was carrying a laptop. All three headed to the apartments across the street. Lara later determined that Xbox controllers, a camera, a camera recorder, an iPod, and phones were also taken from the apartment.

Lara and Barajas only recognized George at the scene of the burglary. After the burglary, Lara learned that George had a brother, whom she later identified as Antonio J. She also saw Antonio J.'s photograph on Facebook. Lara identified the minor and Antonio J. as the other two burglars at a field lineup and at trial. At trial, Barajas also identified the minor and Antonio J. as the other two burglars.

Two days after the burglary, Lara and Barajas saw Antonio walking in their neighborhood. Barajas asked Antonio, "Where's my stuff?" Antonio admitted

2

participating in the burglary, saying no one could do anything to him. Lara and Barajas learned where Antonio lived and called the police.

An officer went to Antonio J.'s residence with Lara, where she pointed out Antonio as he was walking on the sidewalk. The officer contacted Antonio at his residence; the minor was also in the residence, as were his two brothers. The officer then conducted an in-field lineup with Antonio, the minor and his brothers, and Lara identified the minor and Antonio as participants in the burglary.

Testifying for the defense, the minor's mother asserted that she, the minor, and her 25-year-old daughter Nicole attended Easter dinner at her other daughter's house from 3:30 p.m. to 10:30 or 11:00 p.m. Nicole testified and confirmed mother's account.

In sustaining the petition, the juvenile court found Lara and Barajas were credible while the minor's mother and sister were not.

## DISCUSSION

### I. Sufficiency of the Evidence

The minor contends there is insufficient evidence to support the juvenile court's finding that he committed burglary. We disagree.

Criminal allegations in a delinquency hearing are subject to the same proof beyond a reasonable doubt standard as applied to criminal court. (*In re Winship* (1970) 397 U.S. 358, 368 [25 L.Ed.2d 368, 377-378].) "When the sufficiency of the evidence is challenged on appeal, we apply the familiar substantial evidence rule. We review the whole record in a light most favorable to the judgment to determine whether it contains substantial evidence, i.e., evidence that is credible and of solid value, from which a rational trier of fact could find beyond a reasonable doubt that the accused committed the offense." (*In re Ryan D.* (2002) 100 Cal.App.4th 854, 859.) "We must consider all of the evidence in the light most favorable to the prevailing party, giving that party the

3

benefit of every reasonable inference from the evidence tending to establish the correctness of the trial court's decision, and resolving conflicts in support of the trial court's decision." (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1373.) "[I]n juvenile cases, as in other areas of the law, the power of an appellate court asked to assess the sufficiency of the evidence begins and ends with a determination of whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, which will support the decision of the trier of fact." (*Ibid.*)

The minor attacks the eyewitnesses' identification of him as one of the burglars. He cites cases, which note that studies have questioned the reliability of eyewitness testimony, and points out that an unduly suggestive procedure can taint subsequent eyewitness identification. The minor also notes that neither Barajas nor Lara ever saw the minor before the burglary, and they did not give a detailed description of the minor to the police.

The minor also asserts other alleged problems with the identification evidence. He claims Lara and Barajas gave inconsistent descriptions of the minor to the police. The minor additionally notes that he was found after Lara saw Antonio go into a neighborhood home, where police found the minor.

Finally, the minor attacks the field identification procedure. Lara and Barajas told police that the burglars were all young Hispanic males between the ages of 15 and 20. However, of the four participants in the field identification, two were Hispanic, Antonio J. and the minor, while the other two were Black. From this, the minor asserts that Lara's "in-court identification was not surprising given the prior unduly suggestive lineup," and "Barajas's in-court identification also is not surprising as he knew of Antonio J. and presumably [the minor] was the only other Hispanic male in the courtroom."

4

The testimony of a single witness is sufficient to support a judgment or finding unless the testimony is physically impossible or its falsity is apparent without resorting to inferences or deductions. (*People v. Cudjo* (1993) 6 Cal.4th 585, 608-609; see also Evid. Code, § 411 ["Except where additional evidence is required by statute, the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact."].) "Identity is a question of fact for the trial court [citations] and any claimed weakness in the identification testimony is a matter of argument to the court below and cannot be effectively urged on appeal." (*People v. Hinson* (1969) 269 Cal.App.2d 573, 578.)

With the exception of the attack on the field identification procedure, the minor contests the eyewitnesses' credibility. The juvenile court found Lara and Barajas credible, and we shall not overturn that finding on appeal. While an unduly suggestive pretrial identification procedure violates a defendant's due process rights, the minor forfeited this claim by failing to object to it at the jurisdictional hearing. (Evid. Code, § 353.)

The cases cited by the minor do not change our analysis. *People v. McDonald* (1984) 37 Cal.3d 351, overruled on other grounds in *People v. Mendoza* (2000) 23 Cal.4th 896, 914, addressed whether it was an abuse of discretion to exclude expert testimony on the reliability of eyewitness identification. (*McDonald*, at p. 355.) In *Perry v. New Hampshire* (2012) 565 U.S. __ [181 L.Ed.2d 694] the Supreme Court declined to extend pretrial screening of an eyewitness' credibility to those "cases in which the suggestive circumstances were not arranged by law enforcement officers." (*Id.* at p. __ [181 L.Ed.2d at p. 703]). *State v. Lawson* (2012) 352 Ore. 724 [291 P.3d 673], a case not binding on us, addressed Oregon's procedures for the admissibility of eyewitness identification evidence. (*Id.* at p. 727 [291 P.3d at p. 678].)

5

Two eyewitnesses testifying at the jurisdictional hearing identified the minor as one of the burglars. Their testimony was neither physically impossible nor false on its face. Substantial evidence supports the trial court's finding.

## II. Counsel's Competence

The minor contends trial counsel was ineffective for failing to object to the field identification procedure.

A minor in a delinquency proceeding has the right to effective assistance of counsel. (*In re Edward S.* (2009) 173 Cal.App.4th 387, 392, 406, 419.) "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citation.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (*People v. Scott* (1997) 15 Cal.4th 1188, 1211-1212.)

The minor claims the field identification—which consisted of two Hispanics, the minor and Antonio J., along with the two Black males found at Antonio J.'s residence—was unduly suggestive because Lara and Barajas told police the burglars were young Hispanic males. He claims competent trial counsel would have challenged the identification procedure, and counsel's failure to do so was prejudicial because it undercut the only evidence of his guilt and his witnesses established an alibi.

"A pretrial identification procedure violates a defendant's due process rights if it is so impermissibly suggestive that it creates a very substantial likelihood of irreparable misidentification. [Citation.] The defendant bears the burden of proving that the procedure resulted in such unfairness that it infringed the right to due process. [Citation.]

6

On appeal, we review the totality of the circumstances in determining whether an identification procedure was unconstitutionally suggestive." (*People v. Wimberly* (1992) 5 Cal.App.4th 773, 788.)  "Appellant must show unfairness as a demonstrable reality, not just speculation." (*In re Carlos M*. (1990) 220 Cal.App.3d 372, 386.)

The test for determining whether a procedure is unnecessarily suggestive is "whether anything caused defendant to 'stand out' from the others in a way that would suggest the witness should select him." (*People v. Carpenter* (1997) 15 Cal.4th 312, 367.)  While two of the four young men at the identification were of a different race than the minor, they were placed in the lineup for a reason—they, like the minor, were found in the home of the initial suspect, Antonio J.  Also, "there is no requirement that a defendant in a lineup, either in person or by photo, be surrounded by others nearly identical in appearance." (*People v. Brandon* (1995) 32 Cal.App.4th 1033, 1052, citing *People v. Wimberly*, *supra*, 5 Cal.App.4th at p. 790.)  The courts have upheld the validity of lineup identifications despite disparities among the participants.  (See *People v. Guillebeau* (1980) 107 Cal.App.3d 531, 556-557 [the defendant had the darkest skin color]; *People v. Johnson* (1992) 3 Cal.4th 1183, 1215-1218 [the defendant was the only person in jail clothing]; *People v. DeSantis* (1992) 2 Cal.4th 1198, 1222 [the defendant was the only man in a red shirt].)

The fact that Antonio J., the other Hispanic in the identification lineup with the minor, was identified by Lara before the lineup, does not render the procedure unduly suggestive.  Before she made the field identification, Lara was given a standard advisement for witnesses at such identification procedures, which included telling her that the subjects were all suspects and that it was "just as important to free the innocent as to prosecute the guilty."  There is no evidence that the officer conducting the field identification suggested that Lara should identify the minor or any other suspect.

7

Furthermore, Lara's identification of the minor was corroborated at the jurisdictional hearing by Barajas, who did not attend the field identification.

An objection to the pretrial identification would have been unsuccessful. Declining to raise a futile objection is not ineffective assistance of counsel. (See *People v. Anderson* (2001) 25 Cal.4th 543, 587 ["Counsel is not required to proffer futile objections."].) Even if the objection had been successful, the minor cannot establish prejudice in light of Barajas's testimony identifying the minor. Accordingly, the minor's contention fails.

## DISPOSITION

The judgment is affirmed.


<u>            BUTZ            </u>, J.


We concur:


<u>        BLEASE        </u>, Acting P. J.


<u>        MAURO        </u>, J.